BRANCHEAU v DIRECTOR, DEPARTMENT OF SOCIAL SERVICES

Docket No. 77866. Submitted November 21, 1984, at Lansing.—Decided January 8, 1985.

Russell Brancheau, a recipient of AFDC benefits, notified the Department of Social Services that he had redeemed a workers' compensation claim. The department applied the so-called lump-sum rule and advised Brancheau that he would be ineligible for benefits for a period of 12 months. Before the expiration of the 12-month period Brancheau reapplied for benefits, claiming that due to changes in circumstances his family's financial status was markedly different. The department initially denied the claim for benefits. A hearing was held, and the hearing officer found that the lump-sum rule should not have been applied because Brancheau's family was without earned income. The Policy Hearing Authority of the department overturned the hearing officer's decision and denied the benefits. Brancheau appealed to the Monroe Circuit Court, which affirmed, William J. Weipert, Jr., J. Brancheau appealed. *Held:*

1. The lump-sum rule, which renders a family ineligible for AFDC benefits for a period of months following receipt of a nonrecurring lump-sum payment such as an inheritance or, as in this case, a workers' compensation redemption award, according to a statutory formula, applies to all families receiving AFDC benefits, not just to those families which have earned income. The department did not err in applying the rule in this case.

2. Brancheau's allegation that his period of ineligibility should be shortened in accordance with a "life-threatening emergencies" exception was not reached below. Therefore, the case is remanded to the Department of Social Services for consideration of the applicability of that exception.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Welfare Laws §§ 15, 19.

Income tax refund as income or resource to be considered in determining eligibility for benefits under aid to families with dependent children program. 3 ALR4th 1074.

Eligibility for welfare benefits as affected by claimant's status as trust beneficiary. 21 ALR4th 729.

[2] 73 Am Jur 2d, Statutes § 168.

1. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN —
   LUMP SUM PAYMENT.
      The so-called lump-sum rule, which temporarily suspends a claim-
   ant's eligibility for receipt of AFDC benefits when a family
   receives a nonrecurring lump-sum payment such as an inheri-
   tance or a workers' compensation redemption award, applies to
   all families receiving AFDC benefits; the rule is not limited
   only to those families with earned income (42 USC 602[a][17];
   45 CFR 233.20[a][3][ii][D] [1982]).

2. STATUTES — JUDICIAL CONSTRUCTION.
      A court should resolve an ambiguity in a statute in favor of the
   construction given it by an agency which played a role in
   drafting the statute or is charged with its execution absent a
   showing that the agency differed with the legislative body or
   that its interpretation does not further the goal of the legisla-
   tion.

*Legal Services of Southeastern Michigan, Inc.*
(by *Martha D. Finn*), for appellant.

*Frank J. Kelley*, Attorney General, *Louis · J.
Caruso*, Solicitor General, and *Janis Meija* and
*Erica Weiss Marsden*, Assistants Attorney Gen-
eral, for appellee.

Before: J. H. GILLIS, P.J., and CYNAR and C. L.
BOSMAN,* JJ.

PER CURIAM. Claimant, Russell Brancheau, ap-
peals as of right the February 17, 1984, decision of
the Monroe County Circuit Court which affirmed
the denial of AFDC benefits to claimant by the
Michigan Department of Social Services. The issue
presented is whether the "lump sum" rule, 42
USC 602(a)(17), applies to all AFDC families or
only to those AFDC families with earned income.

On March 5, 1982, claimant notified the DSS
that he had redeemed a workers' compensation
claim for $6,100. DSS advised him that, pursuant

---

   * Circuit judge, sitting on the Court of Appeals by assignment.

to the application of the lump sum rule, he would be ineligible for further benefits for a period of 12 months.

Prior to the expiration of the ineligibility period, claimant reapplied for AFDC benefits, claiming that, due to changes in circumstances, his family's financial status was markedly different. Claimant testified at the administrative hearing that within weeks after his receipt of the redemption check he was forced to move from the rent-free garage that he, his wife, and four children had previously occupied, and that he thereafter incurred a monthly rent of $325 as well as a $700 security deposit. Claimant also incurred additional medical and dental bills.

The hearing officer found that the lump sum rule should not have been applied to claimant's case since claimant was without earned income at the time of the redemption and recommended that claimant's case be reconsidered. The policy hearing authority disagreed and affirmed the DSS action. This decision was affirmed on appeal to the Monroe County Circuit Court.

The lump sum rule was enacted by Congress as part of the Omnibus Budget Reconciliation Act of 1981. Prior to 1981, a lump sum payment of nonrecurring income received by an AFDC family, whether they had earned income or not, was treated as income in the first month of receipt and as a resource in months thereafter. Under the new rule, the family becomes ineligible for AFDC benefits for the number of months determined by dividing the lump sum by the standard of need assigned to the family by the Department of Social Services. The effect is to cause the family to budget the lump sum income, which may include such items as an inheritance or personal injury award as well as funds received as a result of a workers' compen-

sation claim, for its needs during the entire period of ineligibility. As stated in the Senate Report, the reason for the amendment of the statute was that the previous treatment of lump sum payments had "the perverse effect of encouraging the family to spend such income as quickly as possible in order to retain AFDC eligibility". S Rep 97-139, 97th Cong, 1st Sess, 505, reprinted in 1981 U S Code Cong & Ad News, 771 (Budget Committee Report).

The dispute as to whether the lump sum rule applies only to families with earned income is the result of an apparent ambiguity in the wording of the statute, which provides as follows:

"A State plan for aid and services to needy families with children must

\* \* \*

"(17) *provide that if a person specified in paragraph (8)(A)(i) or (ii)* receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member—

"(A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8) divided by (ii) the standard of need applicable to such family, and

"(B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as income received in the first month following the period of ineligibility specified in subparagraph (A)." 42 USC 602(a)(17). (Emphasis supplied.)

Claimant points to the emphasized portion of the statute to support his claim that only families with earned income were intended to be affected.

Subsections (8)(A)(i) and (ii) indicate that state AFDC plans must:

"(8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency—

"(i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment;

"(ii) shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month)."

Claimant reasons that since paragraph 17 expressly refers to paragraphs (8)(A)(i) and (ii) in defining its scope of applicability, Congress intended to limit its application only to those persons falling within the stated classifications, *i.e.,* certain persons with earned income.

DSS, on the other hand, contends that paragraphs (8)(A)(i) and (ii) do not specify persons at all, but rather provide instructions for treating income which is earned by those persons. Reference to paragraph 8, DSS concludes, was simply a shorthand method of describing persons subject to the rule, and gives the correct formula for calculating the ineligibility period in the case of families who have earned income at the time they

receive a lump sum payment. The DSS explanation, while also quite reasonable, does not provide a sufficiently persuasive basis for construing the statute as advocated.

We do find persuasive, however, the following regulation promulgated by the Department of Health & Human Services (HHS), in response to the lump sum rule.

"(a) *Requirements for State Plans.* A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:

"(3) *Income and resources.*

"(ii) Provide that in determining need and the amount of the assistance payment, after all policies governing the reserves and allowances and disregard or setting aside of income and resources referred to in this section have been uniformly applied:

"(D) Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance. For AFDC when the assistance unit's income after application of applicable disregards exceeds the State need standard for the family (unless such excess was caused by a regular and periodic extra paycheck from a recurring income source, in which case see § 233.24[d]), the family will be ineligible for aid for the number of full months derived by dividing this total income by the need standard applicable to the family starting with the month in which the income is received. Any income remaining after this calculation is treated as income received in the first month following the period of ineligibility." 45 CFR 233.20(a)(3)(ii)(D) (1982).

This regulation clearly encompasses all AFDC families, rather than only those with earned income.

It has been held that "the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong". *Red Lion Broadcasting Co v Federal Communications Comm,* 395 US 367, 381; 89 S Ct 1794; 23 L Ed 2d 371 (1969); *Schweiker v Hogan,* 457 US 569, 586; 102 S Ct 2597; 73 L Ed 2d 227 (1982). Further, in *Zuber v Allen,* 396 US 168, 192; 90 S Ct 314; 24 L Ed 2d 345 (1969), the United States Supreme Court held that when an agency plays a role in drafting a statute, absent a showing that it differed with Congress or that its interpretation does not further the goals of the legislation, a court should resolve ambiguity in favor of the agency's construction. As noted in *Sweeney v Murray,* 732 F2d 1022 (CA 1, 1984), Richard S. Schweiker, then Secretary of the Department of Health & Human Services, the agency that proposed the lump sum rule, in testimony before the Senate Finance Committee, made no distinctions on the basis of earned income when discussing the lump sum rule. *Sweeney,* p 1028, n 10.

We have found no evidence which would indicate that Congress disagrees with the application of the lump sum rule as proposed by HHS or that it intended the rule to apply only to families with earned income. Thus, we agree with the observation of the *Sweeney* Court that "[i]n light of the statute's language and legislative history * * * HHS's interpretation of the scope of the lump-sum rule [is] fully consonant with legislative intent". *Sweeney, supra,* p 1029. Finally, we note that this interpretation of the lump sum rule was also adopted in *Faught v Heckler,* 736 F2d 1235 (CA 8, 1984), and by our own sixth circuit in *Walker v Adams,* 741 F2d 116 (CA 6, 1984).

Claimant raises the additional argument that his period of ineligibility should be shortened pur-

suant to the "life threatening emergencies" exception contained in 45 CFR 233.20(a)(3)(ii)(D). This regulation provides:

"A State may shorten the period of ineligibility where it finds that a life-threatening circumstance exists, and the non-recurring income causing the period of ineligibility has been or will be expended in connection with the life-threatening circumstance. Further, until that time the non-recurring income must have been used to meet essential needs and currently the assistance unit must have no other income or resources sufficient to meet the life-threatening circumstance."

We note that neither party fully explored the potential application of this exception. The issue was not reached by the hearing officer since he concluded that the lump sum rule did not apply in claimant's circumstance due to the fact that he did not have earned income. Therefore, we remand this case to the Michigan Department of Social Services to allow consideration of the applicability of the "life threatening emergencies" exception to claimant's circumstances.

Reversed and remanded. We do not retain jurisdiction.