COLLINGSWORTH v DIRECTOR, DEPARTMENT OF SOCIAL
SERVICES

Docket No. 78728. Submitted February 6, 1985, at Lansing.—Decided
July 8, 1985.

   Patricia Collingsworth and her children were receiving Aid to
   Families with Dependent Children when the Department of
   Social Services was informed that Patricia Collingsworth had
   received a $20,000 lump sum settlement of a workers' compen-
   sation claim. DSS informed her that, due to her excess income,
   her AFDC benefits, Medicaid, and food stamps would terminate
   on November 3, 1981, and that she would be ineligible to
   receive any of those benefits until November 1, 1986. Collings-
   worth did not protest or appeal that action at that time. She
   subsequently remarried and moved out-of-state in January,
   1982. In May, 1982, she and her children returned to Michigan,
   having spent the $20,000 lump sum settlement. Collingsworth
   reapplied for AFDC benefits in October, 1982, and was denied
   AFDC and Medicaid on the basis of the receipt of the lump sum
   settlement and the fact that the period of ineligibility had not
   expired. She was also denied food stamps because she was
   unable to establish residency in the county. Collingsworth
   requested a hearing on the denial of her request for benefits.
   After a hearing, the hearing officer affirmed the denial of
   benefits on the ground that Collingsworth had not requested a
   hearing on the October, 1981, denial of benefits within the 90-
   day period established by the DSS. The hearing officer did not
   reach the merits of Collingsworth's case concerning either the
   October, 1981, denial of benefits or the October, 1982, denial of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] Am Jur 2d, Welfare Laws §§ 6 et seq.

   Income tax refund as income or resource to be considered in
   determining eligibility for benefits under Aid to Families with
   Dependent Children Program. 3 ALR4th 1074.

   Personal injury recovery as affecting eligibility for, or duty to
   reimburse, public welfare assistance. 80 ALR3d 772.

[2] Am Jur 2d, Statutes §§ 168, 172.

[5] Am Jur 2d, Welfare Laws §§ 105-110.

   Constitutionality of state welfare programs, including those which
   are federally assisted—Supreme Court cases. 25 L Ed 2d 907.

benefits. Collingsworth appealed to the Monroe Circuit Court, which affirmed the denial of benefits primarily on the basis that she had failed to request a hearing to review the first denial of benefits in October, 1981, within the 90-day period and, accordingly, the court refused to address the question whether the lump sum rule was legally applied to Collingsworth's case, William J. Weipert, J. The court also denied further assistance until the period of ineligibility had expired, finding that Collingsworth's case did not fall within the life threatening circumstances exception to the lump sum rule and that Collingsworth failed to present evidence rebutting the presumption that DSS had acted in conformity with the law in apprising her, in the first denial, of the reasons for imposing the ineligibility period. Collingsworth appealed. *Held:*

1. Collingsworth's argument that the lump sum rule applies only to persons with earned income and, therefore, does not apply to her is rejected. The rule encompasses all AFDC families, not just those with earned income.

2. Collingsworth's argument that the money she received from the workers' compensation redemption agreement should not have been considered during her second application for AFDC benefits because the money had already been spent and was no longer actually available is also rejected. The lump sum rule would be rendered void and the congressional purpose for enacting the rule would be defeated by following Collingsworth's reasoning. Furthermore, the lump sum rule considers available income by providing that the period of ineligibility may be shortened if the lack of available income will cause life threatening circumstances.

3. Collingsworth's claims that the hearing officer did not conduct a full hearing on her claims in October, 1981, that the ineligibility period should be redetermined because she has had another child since the original determination of ineligibility, and that she is subject to life-threatening circumstances and the ineligibility period therefore should be shortened required further development. The decision of the circuit court is reversed and the case is remanded to the Department of Social Services for a full hearing on the issues relating to redertermination because of the additional child and the life-threatening circumstances.

Affirmed in part, reversed in part, and remanded.

1. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM PAYMENT.

The lump sum rule, which temporarily suspends a claimant's eligibility for receipt of AFDC benefits when a family receives a

nonrecurring lump sum payment such as an inheritance or a workers' compensation redemption award, applies to all families receiving AFDC benefits; the rule is not limited only to those families with earned income (42 USC 602[a][17]; 45 CFR 233.20[a][3][ii][D]).

2. STATUTES — JUDICIAL CONSTRUCTION.

A court should resolve an ambiguity in a statute in favor of the construction given it by an agency which played a role in drafting the statute or is charged with its execution absent a showing that the agency differed with the legislative body or that its interpretation does not further the goal of the legislation.

3. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — AVAILABLE INCOME — LUMP SUM RULE.

Currently available income is to be considered in determining the eligibility of an applicant for AFDC benefits; income is "available" for purposes of determining an applicant's eligibility for AFDC benefits where the income actually reduces expenses for which the recipient would otherwise be liable; a lump sum payment, therefore, need not be "actually available" for the duration of time of ineligibility for benefits pursuant to the lump sum rule, rather, once a family has received a lump sum it may be considered constructively available in subsequent months (42 USC 602[a][17]; 45 CFR 233.20[a][3][ii][D]).

4. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM PAYMENT — AVAILABLE INCOME — LIFE THREATENING CIRCUMSTANCES.

The lump sum rule, which temporarily suspends a claimant's eligibility for receipt of AFDC benefits when a family receives a nonrecurring lump sum payment such as an inheritance or a workers' compensation redemption award, considers the available income of the claimant by providing that the period of ineligibility may be shortened if the lack of available income will cause life threatening circumstances (42 USC 602[a][17]; 45 CFR 233.20[a][3][ii][D]).

5. SOCIAL SERVICES — DENIAL OF BENEFITS — APPEAL — UNREPRESENTED CLAIMANT — DUE PROCESS.

A Department of Social Services hearing officer has a duty to develop the record on behalf of an unrepresented claimant who has been denied benefits in order to provide the claimant due process of law.

*Legal Services of Southeastern Michigan* (by *Martha D. Finn),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Erica Weiss Marsden,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. Patricia Collingsworth (petitioner) appeals as of right from the May 5, 1984, decision of the circuit court which affirmed the Michigan Department of Social Services's denial of petitioner's AFDC benefits pursuant to the application of the lump sum rule in 42 USC 602(a)(17).

On October 21, 1981, the DSS received an anonymous telephone call to the effect that petitioner had received a workers' compensation settlement in the amount of $20,000. On October 22, 1981, DSS sent petitioner a letter informing her that she would be ineligible for further benefits from November 1, 1981, to November 1, 1986, due to the receipt of the workers' compensation settlement and application of the lump sum rule. Petitioner's Medicaid and food stamps were also withdrawn. Petitioner did not appeal this decision because she was expecting to get married and believed she would no longer need assistance.

In January, 1982, petitioner married and moved to Alabama with her new husband. Petitioner then separated from her husband and moved back to Michigan in May, 1982. Petitioner's husband had gone through all of her settlement money and left her penniless. Consequently, petitioner reapplied for benefits on October 19, 1982. Petitioner was denied AFDC and Medicaid benefits because the previously established ineligibility period had not run. Petitioner was denied food stamps because

she was unable to establish residence in the county.

Petitioner appealed the October 19, 1982, decision of the DSS denying her AFDC benefits. A hearing was held on December 20, 1982. Petitioner was not represented by counsel. The hearing officer affirmed the DSS's decision to deny petitioner the benefits on the basis that petitioner did not request a hearing on the October, 1981, denial of benefits within the 90-day period established by the DSS. The hearing officer consequently did not reach the merits of petitioner's case concerning either the October, 1981, or the October, 1982, denial.

Petitioner appealed the hearing officer's decision to the circuit court pursuant to MCL 400.37; MSA 16.437. Oral arguments were waived at the circuit court judge's suggestion. Petitioner presented three arguments to the circuit court:

I

The DSS's application of the lump sum computation is illegal under the plain language of the omnibus budget reconciliation act of 1981 since petitioner had no other source of income.

II

The DSS's interpretation of the lump sum rule does not take into account the actual availability of the income and is therefore in violation of the Social Security Act and the regulations promulgated thereunder.

III

The DSS failed to inform petitioner of her rights

and obligations with respect to the lump sum in violation of federal law.

After considering these arguments, the circuit court affirmed the decision of the hearing officer denying petitioner's benefits primarily on the basis that petitioner had failed to request a hearing to review the first denial of benefits in October, 1981, within the 90-day period set forth in the Michigan Administrative Code, 1979 AC, R 400.904. The circuit court correspondingly refused to address whether the lump sum rule was legally applied to petitioner's case. The circuit court addressed the remaining two issues, but denied further assistance until the ineligibility period had run, finding that: 1) petitioner's case did not fall within the life threatening circumstances exception to the lump sum rule and 2) petitioner failed to present evidence rebutting the presumption that DSS had acted in conformity with the law in apprising petitioner, in the first denial, of the reasons for imposing the ineligibility period. Petitioner appeals.

We first consider whether the Department of Social Services correctly applied the lump sum rule in petitioner's case. The lump sum rule was enacted by Congress as part of the Omnibus Budget Reconciliation Act of 1981. Prior to 1981, a lump sum payment of nonrecurring income, which may include such items as an inheritance or personal injury award as well as funds received as a result of a workers' compensation claim, received by an AFDC family, whether they had earned income or not, was treated as income in the first month of receipt and as a resource in months thereafter. Under the new rule, the family becomes ineligible for AFDC for the number of months determined by dividing the lump sum by the standard of need assigned to the family by the

Department of Social Services. This is done in an attempt to cause the family to budget the lump sum income for its needs during the entire period of ineligibility. The purpose of the lump sum rule is to discourage the family from spending such income as quickly as possible in order to retain AFDC eligibility. S Rep 97-139, 97th Cong, 1st Sess, 505, reprinted in 1981 US Code Cong & Ad News 396, 771 (Budget Committee Report).

The dispute as to whether the lump sum rule applies only to families with earned income is the result of an apparent ambiguity in the wording of the statute which, at the time applicable herein, provided as follows:

"A State plan for aid and services to needy families with children must * * *

* * *

"(17) *provide that if a person specified in paragraph (8)(A)(i) or (ii)* receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member—

"(A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8) divided by (ii) the standard of need applicable to such family, and

"(B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as income received in the first month following the period of ineligibility specified in subparagraph (A)." 42 USC § 602(a)(17).

Petitioner points out the emphasized portion of the statute to support her claim that only families

with earned income were intended to be affected. Subsections (8)(A)(i) and (ii) indicate that state AFDC plans must:

"(8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency—

"(i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment;

"(ii) shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month."

Petitioner reasons that, since paragraph 17 expressly refers to paragraphs (8)(A)(i) and (ii) in defining its scope of applicability, Congress intended to limit its application only to those persons with earned income. Petitioner argues that since she has no earned income the lump sum rule is not applicable to her.

The DSS urges another reading of paragraph 17 by virtue of the cross-reference to paragraph (8)(A). The DSS points out that paragraphs (8)(A)(i) and (ii) do not specify persons at all, but rather provide instructions for treating income which is earned by those persons. The DSS concludes that reference to paragraph (8) was simply a shorthand

method of describing persons subject to the rule and gives the correct formula for calculating ineligibility in the case of families who have earned income at the time they receive a lump sum payment. While the DSS's explanation is reasonable, it does not provide a sufficiently persuasive basis for construing the statute as advocated. The only thing clear about the paragraph (17) cross-reference to paragraph (8) is that it is ambiguous. *Bowmaster v Petit,* 576 F Supp 354, 357 (D Maine, 1983).

We however find 45 CFR 233,20(a)(3)(ii)(D) dispositive. That regulation states:

"(a) *Requirements for State Plans.* A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:

*        *        *

"(3) *Income and resources.*

*        *        *

"(ii) Provide that in determining need and the amount of the assistance payment, after all policies governing the reserves and allowances and disregard or setting aside of income and resources referred to in this section have been uniformly applied:

"(D) Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance. For AFDC when the assistance unit's income after application of applicable disregards exceeds the State need standard for the family [unless such excess was caused by a regular and periodic extra paycheck from a recurring income source, in which case see § 233.24(d)], the family will be ineligible for aid for the number of full months derived by dividing this total income by the need standard applicable to the family starting with the month in which the income is re-

ceived. Any income remaining after this calculation is treated as income received in the first month following the period of inelgibility." 45 CFR 233.20(a)(3)(ii)(D) (1981).

This regulation clearly encompasses all AFDC families, rather than only those with earned income. See *Tyrna v Dep't of Social Services,* 142 Mich App 591; 370 NW2d 410 (1985); *Brancheau v Dep't of Social Services,* 141 Mich App 527; 367 NW2d 357 (1985).

"[T]he construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong." *Red Lion Broadcasting Co, Inc v Federal Communications Comm,* 395 US 367, 381; 89 S Ct 1794; 23 L Ed 2d 371 (1969); *Schweiker v Hogan,* 457 US 569, 586; 102 S Ct 2597; 73 L Ed 2d 227 (1982). In *Zuber v Allen,* 396 US 168, 192; 90 S Ct 314; 24 L Ed 2d 345 (1969), the United States Supreme Court held that when an agency plays a role in drafting a statute, absent a showing that it differed with Congress or that its interpretation does not further the goals of the legislation, a court should resolve ambiguity in the statute in favor of the agency's construction. As noted in *Sweeney v Murray,* 732 F2d 1022 (CA 1, 1984), Richard S. Schweiker, then Secretary of the Department of Health and Human Services, the agency that proposed the lump sum rule, made no distinction on the basis of earned income when discussing the lump sum rule before the Senate Finance Committee. *Sweeney, supra,* p 1028, fn 10. We agree with the observation of the *Sweeney* Court that "[i]n light of the statute's language and legislative history * * * HHS's interpretation of the scope of the lump-sum rule [is] fully consonant with legislative intent". *Sweeney, supra,* p 1029. This interpreta-

tion of the lump sum rule was also adopted in *Faught v Heckler,* 736 F2d 1235 (CA 8, 1984), and in *Walker v Adams,* 741 F2d 116 (CA 6, 1984). In light of *Walker,* petitioner's reliance on *Vermuelen v Kheder,* 599 F Supp 1217 (WD Mich, 1984), is misplaced. See *Brancheau, supra.*

We also find that petitioner's reliance on 45 CFR 233.20(a)(3)(ii)(D) is misplaced. That regulation provides that currently available income shall be considered in determining the eligibility of an applicant for benefits. Petitioner argues that the money she received from the workers' compensation redemption agreement should not have been considered during her second application for AFDC benefits since the redemption money had already been spent and, therefore, was no longer actually available. We conclude that, if petitioner's interpretation of available income is followed, the lump sum rule would be effectively rendered void and the congressional purpose for enacting the rule would be defeated. See *Tyrna, supra.* According to petitioner's interpretation, and AFDC recipient who also receives a lump sum could quickly spend the lump sum and reapply for benefits. Since the lump sum would be spent, the recipient would not have to wait for the ineligibility period to expire. Clearly Congress intended to avoid this result. We also feel that it would be improper to construe the regulation in such a way as to render the lump sum rule superfluous. *Stamps v Michigan Teamsters Joint Council No 43,* 431 F Supp 745 (ED Mich, 1977). The lump sum rule considers available income by providing that the period of ineligibility may be shortened if the lack of available income will cause life threatening circumstances. 45 CFR 233.30(a)(3)(ii)(D).

Petitioner also argues that the hearing officer

did not conduct a full hearing on her claims. We note that petitioner claimed only that the lump sum rule was improperly applied to her and since she failed to appeal the Department of Social Services's original decision, that matter was waived. We also note, however, that petitioner was not represented by counsel at the hearing. In such a case, we feel that the hearing officer had a duty to develop the record on behalf of the unrepresented petitioner in order to provide petitioner due process of law. See *Webb v Finch,* 431 F2d 1179 (CA 6, 1970); *Gold v Secretary, Health, Education & Welfare,* 463 F2d 38, 43-44 (CA 2, 1972). While these cases deal with social security hearings, we feel that their reasoning is equally applicable to the type of hearing involved in the instant case. On appeal, petitioner has presented factual issues which require further development. Petitioner claims that since the original determination of her ineligibility period she had another child and that her ineligibility period should be redetermined accordingly. Petitioner also claims that she is subject to life threatening circumstances and that the ineligibility period should also be shortened for this reason. We feel that petitioner is entitled to a full hearing on these issues. While the circuit court considered petitioner's claim of life threatening circumstances, the circuit court did not have a factual record since the hearing officer did not consider this issue. Accordingly, we reverse the decision of the circuit court on that issue and remand this case to the Michigan Department of Social Services for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.