ZARKO v DIRECTOR, DEPARTMENT OF SOCIAL SERVICES

Docket No. 77377. Submitted November 15, 1984, at Lansing.—Decided August 5, 1985

Claimant, Roxanna Zarko, was determined by the Department of Social Services to be ineligible for Aid to Families with Dependent Children benefits for a period of five months when she received a payment of $4,247.98 as a settlement of an automobile accident claim. Claimant's ineligibility for AFDC benefits was based on the "lump sum" rule. She reapplied for benefits, claiming that her period of ineligibility should be shortened because of the existence of a life-threatening situation. Her claim was denied and claimant was granted an administrative hearing. At the hearing, claimant explained that she had paid the entire amount of the settlement to her parents to repay loans they had made to her previously. The DSS hearing officer upheld the determination of ineligibility based on the lump sum rule and, further, held that no life-threatening situation existed which would shorten the period of ineligibility. Claimant appealed to the Genesee Circuit Court, which affirmed, Philip C. Elliott, J. Claimant appealed. *Held:*

1. Application of the lump sum rule is not limited only to families who have earned income in the month of receipt of a lump sum payment from another source. The rule applies to all recipients of AFDC benefits.

2. Claimant's argument that the $4,247.98 was not actually available to her after she paid it to her parents and should not, therefore, be considered income, is without merit. A lump sum

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Welfare Laws §§ 6-24.

Who is "dependent child" within meaning of §§ 406(a), 407(a), and 408(a) of the Social Security Act (42 USCS §§ 606(a), 607(a), and 608(a)), entitling families to aid for dependent children (AFDC). 23 ALR Fed 232.

[3] Am Jur 2d, Administrative Law §§ 595-609.

See the annotations in the ALR3d/4th Quick Index under Exhaustion of Remedies.

[4] Am Jur 2d, Administrative Law § 233 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Administrative Law § 4.

payment received by an AFDC family is considered to be constructively available in subsequent months even if it is not "actually" available.

3. The determination that no life-threatening emergency existed was proper. Although claimant's son was on a heart monitor which required electric power, the power company had agreed not to turn off claimant's power despite nonpayment of bills. Under the circumstances, no life-threatening emergency existed.

4. Claimant's argument on appeal that the failure of the DSS to inform her of the lump sum rule before she received the settlement payment estopped the DSS from declaring her ineligible for benefits is without merit. While the DSS is required to inform applicants for AFDC benefits of the scope of the program and conditions of eligibility, the DSS is not required to inform all applicants of all statutes and regulations which could conceivably affect their right to assistance before any question concerning their eligibility might arise.

Affirmed.

1. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM RULE.

The lump sum rule, which provides for the limiting or exclusion of Aid to Families with Dependent Children when a recipient receives a lump sum payment from another source, applies to all AFDC families, not just to those with earned income in the month of receipt of the lump sum payment (42 USC 602[a][17]).

2. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM RULE — AVAILABLE INCOME.

A lump sum payment received by a recipient of Aid to Families with Dependent Children, which renders the recipient ineligible for AFDC benefits for a period of time determined by formula, need not be "actually available" for the duration of time of ineligibility for benefits; rather, once a family has received a lump sum payment it may be considered constructively available in subsequent months (42 USC 602[a][17]).

3. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — REVIEW.

The doctrine of exhaustion of remedies generally precludes appellate review of issues not first raised in administrative proceedings; however, courts have discretion in appropriate cases to review issues not first raised in the administrative proceedings, particularly where judicial review would not be hindered by the failure of the litigant to allow the agency to make a factual record, exercise its discretion, or apply its expertise.

4. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — JUDICIAL CON-
STRUCTION.
A court, when reviewing an agency rule which is ambiguous,
must give effect to the agency's intention in enacting the rule;
the court must look to the object of the rule and the evil or
mischief which it is designed to remedy and apply a reasonable
construction which best accomplishes the rule's purpose.

*Terri L. Stangl,* Legal Services of Eastern Michigan, and *Edward J. Hoort,* for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Richard T. O'Neill,* Assistants Attorney General, for respondent.

Before: WAHLS, P.J., and R. M. MAHER and R. E. NOBLE,* JJ.

R. E. NOBLE, J. Claimant appeals as of right from a circuit court decision affirming respondent's determination that claimant was ineligible for AFDC benefits for a five-month period. The determination was based on claimant's receipt on February 3, 1983, of $4,247.98 from an insurance company in settlement of claims based on an automobile accident involving claimant which took place in January, 1980. Claimant reported receipt of this lump sum on February 17, 1983, and was informed of the department's initial determination of ineligibility the following day.

In her testimony in administrative proceedings, claimant explained that she had borrowed more than $5,000 from her parents after the accident. Claimant asserted that, after receiving the insurance company's check on February 3, she attempted unsuccessfully to contact her DSS case worker for three days. Then, without having suc-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ceeded in contacting her caseworker, she transferred the check to her parents. Claimant explained that her parents had been short of money and that they used the proceeds of the check to pay taxes. Claimant's ineligibility was based on the "lump sum rule", 42 USC 602(a)(17). Under that rule, a lump sum received by an AFDC recipient is treated as income to the recipient for a period determined by dividing the lump sum by the state's monthly need standard. Application of that rule to claimant resulted in a five-month period of ineligibility for benefits. Claimant argues that the "lump sum rule" applies only to persons who, unlike herself, have some earned income. This argument has been rejected by two panels of this Court. See *Brancheau v Director, Dep't of Social Services,* 141 Mich App 527; 367 NW2d 357 (1985), and *Tyrna v Dep't of Social Services,* 142 Mich App 591; 370 NW2d 410 (1985). The argument has also been rejected in several federal cases; see *Sweeney v Murray,* 732 F2d 1022 (CA1, 1984); *Faught v Heckler,* 736 F2d 1235 (CA 8, 1984), and *Walker v Adams,* 741 F2d 116 (CA 6, 1984). We find the reasoning of these cases persuasive, and we conclude that application of the "lump sum rule" is not limited to persons with earned income.

Claimant also argues that the $4,247.98 was not actually available to her after she transferred it to her parents. Claimant would conclude that the $4,247.98 therefore should not be treated as income to her despite the "lump sum rule". We cannot agree. Such an argument was rejected by this Court in *Tyrna v Dep't of Social Services, supra,* and by the federal court in *Vermeulen v Kheder,* 599 F Supp 1217, 1224 (WD Mich, 1984), which held:

"[T]he lump sum need not be 'actually available' for

the duration of the time computed by the agency. Once the AFDC family has received a lump sum, it may be considered constructively available in subsequent months."

We find the reasoning of these cases persuasive. Acceptance of claimant's argument would frustrate the plain intent of Congress in adopting the "lump sum rule".

An exception to the "lump sum rule" is authorized for life-threatening emergencies by 45 CFR 233.20(a)(3)(ii)(D):

"A State may shorten the period of ineligibility where it finds that a life-threatening circumstance exists, and the non-recurring income causing the period of ineligibility has been or will be expended in connection with the life-threatening circumstance. Further, until that time the non-recurring income must have been used to meet essential needs and currently the assistance unit must have no other income or resources sufficient to meet the life-threatening circumstance."

Claimant here claimed to fall within this exception. Testimony in the administrative proceedings showed that one of claimant's children has serious health problems requiring a heart monitor dependent on electric power. The power company has therefore agreed not to turn off claimant's power despite nonpayment of bills. The hearing officer correctly pointed out that no life-threatening emergency was presented under these circumstances and that claimant failed to meet the requirement of the regulation that the lump sum be expended in connection with the life-threatening emergency.

Claimant points to 45 CFR 206.10(a)(2)(i), which provides:

"Applicants shall be informed about the eligibility

requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eligibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. Specifically developed bulletins or pamphlets explaining the rules regarding eligibility and appeals in simple, understandable terms are publicized and available in quantity."

Claimant argues that respondent failed to inform her of the "lump sum rule" in advance of her receipt of the $4,247.98 and that respondent is therefore estopped from declaring her ineligibile for benefits. Claimant failed to raise this issue in the administrative proceedings. Ordinarily, the doctrine of exhaustion of remedies precludes judicial review of issues not first raised in the administrative proceedings; however, courts have discretion in appropriate cases to review issues not first raised in the administrative proceedings, particularly where judicial review would not be hindered by the failure of the litigant to allow the agency to make a factual record, exercise its discretion, or apply its expertise. See *McKart v United States,* 395 US 185, 197-198; 89 S Ct 1657; 23 L Ed 2d 194 (1969), and *Railroad Yardmasters of America v Harris,* 232 US App DC 171, 177-178; 721 F2d 1332, 1338-1339 (1983). We will review this issue to the extent permitted by the factual record before us.

In *Longo v McIlmurray,* 115 Mich App 479, 485; 321 NW2d 701 (1982), this Court explained:

"Where there is ambiguity in an agency rule, a court must give effect to the administrative agency's intention in enacting the rule. The court must look to the object of the rule and the evil or mischief which it is designed to remedy and apply a reasonable construction

which best accomplishes the rule's purpose. *Johnston v Billot,* 109 Mich App 578; 311 NW2d 808 (1981)."

The purpose of the rule at issue is to enable recipients of assistance to make financial and other decisions in the course of managing their affairs based on accurate knowledge of the statutes and regulations governing their right to assistance. The rule is necessitated by the extraordinary complexity of the applicable statutes and regulations. Acceptance of claimant's argument would require the department to inform all applicants and recipients of all statutes and regulations which could conceivably affect their right to assistance before any question concerning their right to assistance could arise. Under claimant's interpretation of the rule, the department would carry out its duty by furnishing applicants with a book of applicable statutes and regulations.

Such a procedure would scarcely be of more assistance to recipients than referring them to the nearest law library. The purpose of the regulation is best effectuated by providing practical assistance to recipients to deal with specific problems as they arise, not by giving recipients *pro forma* notice of every conceivable statute and regulation. We construe the regulation to require the department to initially inform applicants about general rules governing eligibility and client rights and obligations, to respond promptly to pertinent inquiries by applicants and recipients, and to promptly inform applicants and recipients of specific rules relevant to matters reported to the department.

The record here does not suggest that the department had any knowledge that claimant would receive or had received a "lump sum" payment before claimant reported receipt of the payment to

her caseworker on February 17. The record clearly shows that claimant was aware that she had a duty to report her receipt of the "lump sum". Claimant nevertheless disposed of the "lump sum" before reporting that she had received it. As we have seen, the record does not support a claim that some life-threatening emergency required claimant to expend the lump sum before reporting it to the department and giving the department an opportunity to inform her of its impact on her eligibility. Claimant's assertion of estoppel is untenable on this record.

Affirmed.