BULLA v DIRECTOR, DEPARTMENT OF SOCIAL SERVICES

Docket No. 90528. Submitted October 20, 1986, at Lansing. Decided April 22, 1987.

Joanne Bulla and her husband, Arthur Bulla, were receiving AFDC benefits on behalf of themselves and their unborn child when, on February 25, 1983, Arthur Bulla received a lump sum workers' compensation settlement of $20,822. Arthur Bulla notified the Department of Social Services about the settlement and DSS subsequently determined that the Bullas were ineligible for AFDC benefits through May, 1987, based on the lump sum rule. The DSS closed the Bullas' AFDC case on March 14, 1983. Arthur Bulla thereafter quickly spent the settlement money. On June 13 and July 25, 1983, the Bullas reapplied for benefits. Both applications were denied. Special permission was sought to open AFDC benefits for the Bullas' child, which had been born during the interim. AFDC benefits for the child were also denied, but Medicaid and food stamps were provided. On August 10, 1983, Arthur Bulla left his wife and child. He filed for divorce on August 15, 1983. Joanne Bulla then reapplied for AFDC benefits, requesting a policy exception on the ground that the settlement money had never been made available to her. Benefits were approved for the child but denied as to Joanne Bulla. She appealed that decision, and the hearing referee affirmed the denial of benefits. The referee's decision was appealed to the Tuscola Circuit Court, which also affirmed, Patrick R. Joslyn, J. Joanne Bulla appealed to the Court of Appeals.

The Court of Appeals *held*:

1. Bulla's argument that the lump sum rule applies only to income and not to a workers' compensation award is without merit. The lump sum rule applies to workers' compensation awards and similar payments such as personal injury awards.

REFERENCES

Am Jur 2d, Welfare Laws §§ 6-24, 107.

Supreme Court's views as to construction and application of Aid to Families with Dependent Children (AFDC) provisions of Social Security Act (42 USCS §§ 601-615). 84 L Ed 2d 917.

See also the annotations in the Index to Annotations under Aid to Families with Dependent Children.

Nevertheless, application of the lump sum rule to this particular workers' compensation award in its entirety was error. It was improper to determine that Joanne Bulla was ineligible because of a workers' compensation settlement over which her husband had sole control now that she is on her own. Arthur Bulla should not have been counted as part of Joanne Bulla's family at the time of her subsequent reapplication. The case is remanded to the DSS for reinstatement of Joanne Bulla's benefits totally as of the date her husband left her.

2. Remand is also necessary to determine whether the Bullas received adequate notice of the effect of the lump sum rule. Failure of the DSS to comply with the notice requirements would prevent application of the lump sum rule to Joanne Bulla. The case is remanded to the DSS for an administrative hearing within thirty days on the notice issue. If timely and adequate notice was not given, the lump sum rule could not be applied to the Bullas and DSS must reinstate retroactively Joanne Bulla's benefits for the entire period of ineligibility.

Reversed and remanded.

R. M. SHUSTER, J., dissented. He would hold that, for purposes of applying the lump sum provision, it is irrelevant that Arthur Bulla left his family after the lump sum was spent, because they were a unit when they received the lump sum and Joanne Bulla benefitted from the purchases made. He would affirm.

1. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM RULE.

A determination by the Department of Social Services that a woman was no longer eligible for Aid to Families with Dependent Children benefits because her husband received a lump sum workers' compensation settlement was improper where her husband had sole control of the money and, once the money was spent, left her and filed for divorce; the lump sum rule could not apply to the woman after her husband left except for any portion of the lump sum over which the woman had control or from which she received some direct benefit (42 USC 602[a][17]).

2. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — NOTICE.

The Department of Social Services must initially inform applicants for Aid to Families with Dependent Children benefits about general rules governing eligibility and client rights and obligations, promptly respond to pertinent inquiries by applicants and recipients, and promptly inform applicants and recip-

ients of specific rules relevant to matters reported to the department; failure of DSS to inform applicants as required prevents application of the pertinent rules to the applicants.

*Mark H. Magidson,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Erica Weiss Marsden,* Assistant Attorney General, for respondent.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

SHEPHERD, J. Petitioner was denied Aid to Families with Dependent Children benefits based on application of the lump sum rule. That decision was affirmed by a hearing referee and the circuit court. This case examines the application of the "lump sum rule," 42 USC 602(a)(17), in a situation where the lump sum was received by petitioner's husband and remains unavailable to her after they separated. We reverse and remand for further proceedings.

Petitioner and her husband, Arthur Bulla, were receiving AFDC benefits on behalf of themselves and their unborn child. On February 25, 1983, Arthur Bulla received a lump sum workers' compensation settlement of $20,822. He notified the Department of Social Services about it on March 3, 1983. The DSS subsequently determined that the Bullas were ineligible for AFDC benefits through May, 1987, based on the lump sum rule, which determines the ineligibility period by dividing a family's monthly needs into the lump sum received, effectively forcing the family to budget and use the lump sum through the entire ineligibility period. See 45 CFR 233.20(a)(3)(ii)(D) (1982), now 45 CFR 233.20(a)(3)(ii)(F) (1985). The DSS closed the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Bullas' AFDC case on March 14, 1983. This denial is not appealed.

Arthur Bulla apparently began quickly spending the money. According to petitioner's testimony, the money was deposited into Arthur Bulla's bank account to which petitioner had no access. He spent $9,500 to purchase a house trailer and ten acres of land on a land contract, $1,800 for a car, $1,100 for a TV, waterbed, microwave, and gas grill, $575 for a tractor, plow, and discs, and $1,000 to repay some of his loans. Most of the remainder of the money he apparently spent on uses for which petitioner cannot account. On one occasion, her husband permitted petitioner to withdraw $294 from the account, which she used for insurance, groceries, and utility bills. Petitioner also stated that she and her husband were advised by a social worker or rehabilitation counselor before spending the money that if it was spent "wisely" on necessary items, such as a home and not "a bunch of odds and ends that we don't really need," the Bullas would be able to reapply for AFDC benefits.

Petitioner and her husband reapplied for benefits on June 13 and July 25, 1983. Both applications were denied because of the lump sum rule, and they did not appeal. By the second reapplication, petitioner's child was born and special permission was sought to open AFDC benefits for the child only. This was denied. Medicaid and food stamps were provided, however.

Petitioner's husband left her on August 10, 1983, after a history of domestic abuse. He filed for divorce on August 15, 1983. According to petitioner, she received no support or income at that time. The land contract went into default, but petitioner continued to live in the trailer and kept the waterbed. Her husband kept all the other

items. Petitioner reapplied for AFDC on August 25, 1983. A policy exception was requested, as the lump sum money was never made available to petitioner. Benefits were approved for her child, but again denied petitioner under the lump sum rule. Petitioner appealed, and a hearing was held on January 10, 1984, at which petitioner testified.

The referee considered two issues: (1) whether the lump sum workers' compensation settlement received by her husband made petitioner ineligible for AFDC under the lump sum rule and (2) whether petitioner would become eligible for AFDC benefits if her excessive income were no longer available. The referee's findings of fact included the following items very pertinent to our discussion: (1) Arthur Bulla received the settlement in his name only and deposited it in his own bank account, (2) petitioner was authorized to spend only $294 of this money; she received only this sum for the maintenance and care of herself and her child, (3) prior to spending the money, petitioner's husband was told that its receipt would not affect assistance eligibility if it was wisely spent, (4) petitioner presently had no access to or control over any settlement monies left, which, if they existed, were under Arthur Bulla's sole control and unavailable to petitioner. The referee, however, affirmed the denial based on the lump sum rule on January 17, 1984. The circuit court affirmed on January 16, 1986.

Petitioner first argues that the lump sum rule applies only to income and not to a workers' compensation award. We find no merit in this argument. This Court has consistently held that the lump sum rule applies to workers' compensation awards and similar payments such as personal injury awards. *Dukaj v Dep't of Social Services,* 152 Mich App 433; 394 NW2d 38 (1986);

*Collingsworth v Dep't of Social Services Director,*
146 Mich App 186; 379 NW2d 417 (1985); *Zarko v
Dep't of Social Services Director,* 144 Mich App
576; 375 NW2d 765 (1985); *Tyrna v Dep't of Social
Services,* 142 Mich App 591; 370 NW2d 410 (1985);
*Brancheau v Dep't of Social Services Director,* 141
Mich App 527; 367 NW2d 357 (1985). The lump
sum rules have since been amended, by adding
specific examples such as workers' compensation
and lottery winnings, to clarify their application to
unearned income. 51 Fed Reg 9205 (1986) (to be
codified at 45 CFR 233.20[a][3][ii][F]).

The application of the lump sum rule to this
particular workers' compensation award in its en-
tirety was error, however. A state's method of
determining AFDC eligibility must be consistent
with the objective of assisting all eligible persons
to qualify. 45 CFR 233.10(a)(1)(vii) (1985). A deter-
mination of need and amount must be made on an
objective and equitable basis, taking into account
all types of income. 45 CFR 233.20(a)(1)(i) (1985).
We believe it was improper to determine that
petitioner was ineligible based on a workers' com-
pensation settlement over which her husband had
sole control now that petitioner is on her own.

The version of the federal regulation in effect at
the time petitioner reapplied for benefits, 45 CFR
233.20(a)(3)(ii)(D) (1983), provided in part:

> For purposes of applying the lump sum provi-
> sion, family includes the AFDC assistance unit and
> any other individual whose lump sum income is
> counted in determining the period of ineligibility.

We believe it was improper to continue to include
Arthur Bulla's lump sum in the calculation after
he had left petitioner, particularly since petitioner
had almost no access to or control over the lump

sum prior to that time. Arthur Bulla should not have been counted as part of petitioner's family at the time of her reapplication.

The 1983 regulations allowed DSS to shorten the ineligibility period when it found that a life-threatening circumstance existed. The current version of the regulation, 45 CFR 233.20(a)(3)(ii)(F) (1985), provides a definition of family more favorable to petitioner and a provision for shortening ineligibility which we believe should apply here:

> For purposes of applying the lump sum provision, *family includes all persons whose needs are taken into account in determining eligibility and the amount of the assistance payment.* A State may shorten the remaining period of ineligibility when: the standard of need increases and the amount the family would have received also changes; *the lump sum income or a portion thereof becomes unavailable to the family for a reason beyond the control of the family;* or the family incurs and pays for medical expenses. If the State chooses to shorten the period of ineligibility, the State plan shall:
> (1) Identify which of the above situations are included;
>
> *   *   *
>
> (3) In the case of situations involving the unavailability of the lump sum income, include a definition of unavailability, and specify what reasons will be considered beyond the control of the family[.] [Emphasis added.]

It is unclear, however, which situations are included in DSS's plan, as DSS cites primarily federal regulations in its brief.

Petitioner's August 25, 1983, application was effectively a new application, as evidenced by the benefits given her child at that time. The DSS should have examined petitioner's situation at the

time of reapplication. We believe it was improper
to impute Arthur Bulla's wrongdoing to petitioner
after the referee specifically determined that peti-
tioner received only $294 of the workers' compen-
sation settlement. Despite the apparent harshness
of the result, application of the lump sum rule was
proper while petitioner and Arthur Bulla were
living together as a family. The rule's purpose is to
require budgeting of the lump sum by the family.
In such a situation, the exclusive control over the
lump sum by one family member may pose a
significant problem, but it is clear that spending
the lump sum does not eliminate application of the
lump sum rule. *Collingsworth, supra,* p 196. We
hold, however, that the lump sum rule could not
apply to petitioner after Arthur Bulla left except
for any portion of the lump sum over which peti-
tioner had control or from which she received
some direct benefit. The referee's findings indicate
that petitioner had no control over any of the
lump sum after her husband left, and that only
$294 of the lump sum went to the maintenance
and care of petitioner and her child. Petitioner's
ineligibility for AFDC as a result of this $294 would
have ended long before her husband left. By con-
tinuing to apply the lump sum rule to petitioner
after her husband left her, the referee applied an
incorrect principle of law. Accordingly, we remand
and order DSS to reinstate petitioner's benefits
totally as of the date her husband left her. This
reinstatement must be done immediately.

Petitioner also objects to a lack of notice con-
cerning the effect of the lump sum rule. In light of
our holding above, this issue relates to the applica-
bility of the lump sum rule to the workers' com-
pensation settlement in the approximately five-
month period before Arthur Bulla left. We note
that this issue was apparently not presented to

either the referee or the circuit court. Like the Court in *Zarko, supra,* p 581, however, we believe it is necessary to consider this issue. While we would not normally consider this issue, we believe it is dispositive of the remaining questions. Moreover, the issue is important to the jurisprudence of this state in this difficult area of law, as will become evident from the discussion below. Guidance is necessary in this important area to prevent similar mishaps involving the unwise spending of lump sum settlements.

Petitioner's argument involves 45 CFR 206.10(a)(2)(i):

> Applicants shall be informed about the eligibility requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eligibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. Specifically developed bulletins or pamphlets explaining the rules regarding eligibility and appeals in simple, understandable terms are publicized and available in quantity.

The rule's purpose is to enable assistance recipients to make financial and other decisions based on accurate knowledge of the complex array of statutes and regulations regarding assistance. This purpose is best effectuated by providing practical assistance to recipients to deal with specific problems as they arise, rather than by giving pro forma notice of every conceivable statute and regulation. In *Zarko, supra,* p 582, the rule was construed as requiring DSS to initially inform applicants about the general rules governing eligibility and client rights and obligations, to respond

promptly to pertinent inquiries by applicants and recipients, and to inform applicants and recipients promptly of specific rules relevant to matters reported to DSS. Such a notice requirement is certainly less severe than the *advance* written notice to all recipients and applicants required by the court in *Slaughter v Levine,* 605 F Supp 1242 (D Minn, 1985), and compliance should not unduly burden DSS.

In *Zarko,* DSS had no knowledge that the claimant would receive or had received a lump sum payment before the claimant reported it. The claimant knew that she had to report a receipt of the lump sum, but failed to do so before disposing of it. In the instant case, petitioner's husband promptly reported receipt of the lump sum on March 3, 1983. According to petitioner, however, DSS never informed the Bullas of their rights and responsibilities with regard to use of the lump sum, particularly the requirement that it be budgeted for the entire ineligibility period. Petitioner argues that she specifically needed such information because she and her husband relied on the advice of a counselor or social worker who told them they could spend the money "wisely" without affecting their eligibility. What happened here is precisely what the rule seeks to prevent.

On appeal, DSS only addresses the advice of this unknown person to the Bullas. The DSS ignores petitioner's allegations that the record contains no evidence of any disclosure by DSS until August 4, 1983, when it denied the Bullas' second application. Our review of the material presented to the referee has uncovered only a handwritten, August 4, 1983, attachment, signed by an assistance payments worker:

Your lump sum case closure of 3/14/83:

A) You are ineligible until June, 1988

B) Zero income will be left over to budget for June, 1988

C) Your ADC needs at case closure were $331/mo per the ADC record at closure 3/83

D) This ineligibility period may be shortened if some of the money is used to meet a life threatening circumstance (you have now spent most of money and you have now been approved for MA)

E) Any person who was not part of the assistance group 3/83 when this determination was made may be eligible as a separate assistance group. (Policy reads one of the parents must be in eligible group if case is ADC-U and neither of you can be because you were both in group at ADC Closure)

F) This lump sum money you received should not be commingled with other assets.

According to petitioner, most, if not all, of the money was spent by August 4, 1983, and her husband left six days later.

If this were the earliest formal notice given to petitioner and her husband, it does not comply with 45 CFR 206.10(a)(2)(i). While no case has discussed the ramifications of such noncompliance, we believe that noncompliance would prevent application of the lump sum rule to petitioner. To do otherwise would penalize petitioner for DSS's failure to comply with a rule designed to prevent such occurrences.

Considerable time has elapsed since petitioner applied for benefits. The end of the ineligibility period is, in fact, drawing near. We would prefer to decide this issue completely without the need for a hearing on remand. We do not have petitioner's entire DSS file before us, however, and so cannot determine what information was given to the Bullas and when it was given. Accordingly, we

remand to DSS for an administrative hearing within thirty days on the notice issue. The August 4, 1983, information was both untimely and inadequate under the regulations and *Zarko.* If other timely and adequate notice was not given, the lump sum rule could not be applied to petitioner prior to her husband's leaving, and we order DSS to reinstate these benefits retroactively.

In summary, the referee adopted an incorrect principle of law by applying the lump sum rule to petitioner after her husband left her. As the referee found that petitioner had no control over the money after her husband left and used only $294 for maintenance and care of herself and her child before her husband left, DSS shall reinstate petitioner's benefits as of the date petitioner's husband left her, i.e., August 10, 1983. We do not wish to imply that a spouse must leave the marital home before the lump sum rule becomes inapplicable. This would encourage the rupture of family unity. Our emphasis is on control, benefit and on a determination of who was responsible for the misuse of the lump sum award. The date of the husband's departure in this case merely furnishes a point in time where the wife's responsibility and control clearly came to an end, especially in view of the referee's findings that indicate that she had little responsibility or control from the beginning.

We remand for a hearing within thirty days on the notice issue. If DSS finds that petitioner received no other adequate and timely notice as required under the rules outlined above, it shall also immediately reinstate petitioner's benefits for the entire ineligibility period.

Reversed and remanded.

SULLIVAN, P.J., concurred.

R. M. SHUSTER, J. *(dissenting)*. I respectfully dissent.

Petitioner was living with her husband during the six months in which it appears that the entire lump sum of over $20,000 was spent. Petitioner may have had no control over how it was spent, but she benefited from her husband's purchases. She still lives in the trailer, has the waterbed, and presumably enjoyed the car, TV, microwave, gas grill and other items her husband purchased with the money. According to petitioner, her husband did not leave her until all the money was spent.

The majority implies that if petitioner were still living with her husband, the lower court rulings in this case would not have been improper. For purposes of applying the lump sum provision, it is irrelevant that petitioner's husband left after the lump sum was spent, because they were a unit when they received the lump sum. 45 CFR 233.20(a)(3)(ii)(D) (1983). The majority emphasizes the provision allowing a state to shorten the period of ineligibility when "the lump sum income or a portion thereof becomes unavailable to the family for a reason beyond the control of the family. . . ." 45 CFR 233.20(a)(3)(ii)(F) (1985). The lump sum income in this case became unavailable because the family spent it. I do not believe petitioner's situation fits within this provision. Had her husband left petitioner promptly upon receiving the lump sum payment, or had he spent the money in ways which could not materially benefit petitioner, e.g., travel, I might be more inclined to agree that the money was "unavailable to petitioner."

This case illustrates the need for workers' compensation awards to be structured, rather than lump sum payments. The permitting of lump-sum redemptions totally defeats the purpose of work-

er's compensation. After the lump-sum redemption has been dissipated, as it usually is, then the disabled worker and family become a burden to the taxpayer through some form of welfare assistance.

I would affirm the decision of the referee and the circuit court.