TYRNA v DEPARTMENT OF SOCIAL SERVICES

Docket No. 75653. Submitted November 21, 1984, at Detroit.—Decided May 7, 1985.

Claimant, Mary Tyrna, was a recipient of Aid to Families with Dependent Children. She was determined to be ineligible for benefits from November, 1982, when she received a workers' compensation settlement award, until February, 1984. The denial of benefits was based on the "lump sum" rule, which provides for the limiting or exclusion of AFDC benefits where a recipient receives a lump sum payment from another source, such as the workers' compensation settlement in this case. Claimant sought review of the DSS action in the Wayne Circuit Court, which reversed, holding that the lump sum rule does not apply to claimants who have no earned income in the month in which the lump sum was received, Richard D. Dunn, J. The DSS appealed. *Held:*

1. The lump sum rule applies to all AFDC families, not only to those with earned income. The trial court erred in holding that the rule was not applicable.

2. The DSS, when considering an applicant's eligibility for benefits, may consider not only income and resources in hand at the time of the application for benefits, but should consider income as being available when the sum received actually reduces expenses for which the recipient would otherwise be liable. Thus, the lump sum need not be "actually available" for the entire time period computed by the DSS. Once a lump sum has been received it may be considered constructively available during subsequent months.

Reversed and remanded to the DSS.

1. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — LUMP SUM RULE.

The lump sum rule, which provides for the limiting or exclusion of Aid to Families with Dependent Children when a recipient receives a lump sum payment from another source, such as a workers' compensation settlement, applies to all AFDC fami-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 79 Am Jur 2d, Welfare Laws § 19.

lies, not just to those with earned income in the month of receipt of the lump sum payment (42 USC 602[a][17]).

2. SOCIAL SERVICES — AID TO FAMILIES WITH DEPENDENT CHILDREN — AVAILABLE INCOME — LUMP SUM RULE.

Income is "available" for purposes of determining an applicant's eligibility for AFDC benefits where the income actually reduces expenses for which the recipient would otherwise be liable; a lump sum payment, therefore, need not be "actually available" for the duration of time of ineligibility for benefits pursuant to the lump sum rule, rather, once a family has received a lump sum it may be considered constructively available in subsequent months (42 USC 602[a][17]; 45 CFR 233.20[a][3][ii][D]).

*Edward J. Hoort,* and *Wayne County Neighborhood Legal Services* (by *LaRue Davis),* for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Erica Weiss Marsden,* Assistants Attorney General, for the Department of Social Services.

Before: T. M. BURNS, P.J., and SHEPHERD and M. WARSHAWSKY,* JJ.

PER CURIAM. The Department of Social Services appeals as of right from the Wayne County Circuit Court's December 6, 1983, order reversing the order of a Michigan Department of Social Services Administrative Law Examiner (ALE). The ALE had upheld DSS's denial of claimant's application for Aid to Families with Dependent Children benefits. The primary issue is whether the "lump sum" rule, 42 USC 602(a)(17), applies to all AFDC families or only to those with earned income in the month in which the lump sum payment was received.

In November, 1982, claimant notified DSS that she was to receive a workers' compensation settle-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment award in the amount of $7,437.50. DSS applied the lump sum rule in 42 USC 602(a)(17) and 45 CFR 233.20(a)(3)(ii)(D), and closed claimant's file on December 8, 1982, due to her receipt of the settlement. Further aid was denied until February, 1984.

Claimant invested a portion of the settlement in her husband's bump and paint shop business which ultimately failed. The rest of the settlement funds were used to repay debts and meet the family's needs. When the money was exhausted, claimant reapplied for AFDC benefits in April, 1983, which were denied on the basis of the lump sum rule. The ALE upheld the denial, but the circuit court reversed, finding that the lump sum rule does not apply to applicants who have no earned income.

The issue raised in this case was recently decided by another panel of this Court in *Brancheau v Dep't of Social Services,* 141 Mich App 527; 367 NW2d 357 (1985). Following the lead of United States Court of Appeals decisions, the Court held that the lump sum rule applies to all AFDC families and not only those with earned income in the month of receipt of the lump sum payment. See *Sweeney v Murray,* 732 F2d 1022 (CA 1, 1984), *Faught v Heckler,* 736 F2d 1235 (CA 8, 1984), and *Walker v Adams,* 741 F2d 116 (CA 6, 1984). The arguments concerning statutory construction, legislative history and administrative interpretation are thoroughly discussed in the above-cited decisions. For the reasons stated therein, we hold that the lump sum rule applies to all AFDC applicants, and not only to those with earned income.

Claimant argues that, notwithstanding the lump sum rule, DSS must take actual availability of funds into account when determining eligibility. In support of that position, claimant states that

courts have long construed "income" which a state agency must consider in determining an applicant's need pursuant to 42 USC 602(a)(17) as income actually available. Claimant also notes that in Michigan need is to be determined with reference to income and resources which are "available in fact for current use". 1979 AC, R 400.12(10).

45 CFR 233.20(a)(3)(ii)(D) (1982) provides in part:

"Net income, except as provided in paragraph (a)(3)(xiii) of this section, and resources available for current use shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has a legal ability to make such sum available for support and maintenance."

This clause apparently furthers the goal of determining need based on each individual case after income and resources are considered. See *Shea v Vialpando,* 416 US 251, 261; 94 S Ct 1746; 40 L Ed 2d 120 (1974). Accurately estimating an applicant's actual need requires the state agency to balance the goals of equitable distribution of welfare funds and prevention of fraud. This balancing explains why need is determined with reference to resources and income which are actually available, and also accounts for the enactment of anti-fraud provisions such as the transfer of assets statute, which generally denies benefits to persons who have transferred assets in order to retain eligibility. MCL 400.56g(1)(c); MSA 16.456(7)(1)(c).

We disagree with claimant's argument that DSS should consider only income and resources in hand at the time the application for benefits is made. We believe a good definition was provided in *Hinderer ·v Dep't of Social Services,* 95 Mich App 716, 723; 291 NW2d 672 (1980), *lv den* 409 Mich 930 (1980). Citing *Randall v Goldmark,* 495 F2d 356,

361 (CA 1, 1974), the Court stated: "A resource is available when the sum received actually reduces expenses for which the recipient would otherwise be liable." Treating income as available when it actually reduces expenses for which the recipient would otherwise be liable furthers the goals of ensuring the distribution of limited welfare funds to the most needy and the prevention of fraud. See, also, *Vermeulen v Kheder,* 599 F Supp 1217, 1224 (WD Mich, 1984), which held:

"[T]he lump sum need not be 'actually available' for the duration of the time computed by the agency. Once the AFDC family has received a lump sum, it may be considered constructively available in subsequent months."

In enacting the lump sum rule, Congress sought to prevent "the perverse effect of encouraging the family to spend such income as quickly as possible in order to retain AFDC eligibility". S Rep 97-139, 97th Cong, 1st Sess, 505, reprinted in 1981 US Code Cong & Ad News, p 771 (Budget Committee Report). Were we to interpret available income as meaning income actually in hand at the time of application for benefits, the lump sum rule would be abrogated and the evil which Congress recognized would not be prevented.

We note that 45 CFR 233.20(a)(ii)(D) contains an exception to the lump sum rule for life threatening emergencies:

"A State may shorten the period of ineligibility where it finds that a life-threatening circumstance exists, and the non-recurring income causing the period of ineligibility has been or will be expended in connection with the life-threatening circumstance. Further, until that time the non-recurring income must have been used to meet essential needs and currently the assis-

tance unit must have no other income or resources sufficient to meet the life-threatening circumstance."

Although claimant makes reference to this exception, she does not expressly argue that it applies to her.

The lump sum rule was intended to cover all families with earned income and without earned income. This conclusion is consistent with all Federal Court of Appeals decisions.

The trial court's decision that the lump sum rule was inapplicable to claimant because she did not have earned income must be respectfully reversed and the case remanded to the DSS for proper application of the rule.

Reversed and remanded.