**MAINE ASSOCIATION OF INTERDE-PENDENT NEIGHBORHOODS, Plaintiff, Appellant,**

v.

**COMMISSIONER, MAINE DEPART-MENT OF HUMAN SERVICES, et al., Defendants, Appellees.**

No. 88–2145.

United States Court of Appeals, First Circuit.

Heard April 6, 1989.

Decided June 6, 1989.

Joyce Mykleby, Pine Tree Legal Assistance, Inc., for plaintiff-appellant.

Marina E. Thibeau, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., Augusta, Me., was on brief for defendant-appellee Commissioner, Maine Dept. of Human Services.

Joyce Elise McCourt, Asst. Regional Counsel, Dept. of Health and Human Services, Washington, D.C., with whom Richard S. Cohen, U.S. Atty., and David R. Collins, Asst. U.S. Atty., Portland, Me., were on brief for defendant-appellee Secretary of Health and Human Services.

Before CAMPBELL, Chief Judge, BREYER and SELYA, Circuit Judges.

BREYER, Circuit Judge.

The Maine Association of Interdependent Neighborhoods (MAIN), an umbrella organization of eight groups that help low income persons obtain public assistance, brought a lawsuit in a Maine state court against the Maine Commissioner of Human Services. Its complaint alleged that certain recent changes in the Department of Human Services' rules governing Aid to Families with Dependent Children (AFDC) were "contrary to state and federal law" and "arbitrary and capricious." These changes, in certain circumstances, could reduce AFDC funds available to children. *See* Maine Public Assistance Payments Manual, Chapter II, § A, pp. 5a, 16–16a, 19–20 (new rules provide that parents "sanctioned" for failure to pay child support, apply for a Social Security number, or participate in a work program no longer receive AFDC assistance for their own needs, but only for the needs of their children); Chapter II, § C, p. 9 (new rule treats "windfall income," such as lottery winnings, as "lump sum income," which disqualifies its recipient for AFDC funds for a certain period of time, instead of as "resources," which disqualified its recipient for AFDC funds only until it was spent). The complaint said the new rules were contrary to Maine law because they were "arbitrary and capricious" and unauthorized by the federal AFDC statute, citing *Peggy S.M. v. State*, 397 A.2d 980, 983–84 (Me. 1979) (interpretation of state rules having the effect of reducing benefits to children because of their parents' misconduct is "unauthorized by the Social Security Act" and contrary to its purpose). MAIN asked the state to declare the new Maine regulations unlawful and to enjoin their enforcement.

The Maine Commissioner removed the case to federal court under 28 U.S.C. § 1441(b), which permits removal of any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States." Although AFDC is administered by the state, *see* 22 M.R.S.A. § 3741, the state's program must conform to federal statutes and regulations to remain eligible for federal funds. *See* Social Security Act, 42 U.S.C. §§ 602, 604. And, the new state rules MAIN challenges were enacted to conform to changes in the federal regulations implementing 42 U.S.C.

§ 602(a). *See* 45 C.F.R. § 233.20(a)(3)(ii)(C) ("No income may be allocated to meet the needs of an individual who has been sanctioned") and (F) ("lump sum income" includes "payments in the nature of a windfall"). Thus, MAIN's challenge to the state rules as arbitrary and unauthorized by the federal statutes necessarily raises questions of federal law, concerning the proper interpretation of the federal statutes and the validity of the federal regulations. All parties now agree that MAIN's action "arises under" federal law. *See Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (plaintiff's case arises under federal law "if a well pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law").

Once in federal court, the Maine Commissioner, wishing to make certain that any adverse interpretation of federal law would bind the federal government as well as Maine, brought a third party claim against the federal Secretary of Health and Human Services. *See* Fed.R.Civ.P. 14(a). MAIN concedes that the Secretary was properly joined as a third party defendant.

At this point, the Commissioner asked the federal court to dismiss MAIN's action for lack of standing. MAIN was unable to demonstrate that the changes in Maine's rules would injure any of its constituent organizations or any individual member of any constituent organization. The district court therefore concluded that MAIN could not proceed with its action in federal court. *See New York State Club Association, Inc. v. City of New York,* — U.S. —, 108 S.Ct. 2225, 2232, 101 L.Ed.2d 1 (1988) (association made up of other associations has standing, so long as the constituent associations would have standing to sue on behalf of their individual members, *i.e.,* so long as "those individuals 'are suffering immediate or threatened injury' "); *Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977) (an association has standing only if its members would have standing to sue in their own right, and if the interests it seeks to protect in the action are germane to the association's purposes); *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975) (association has standing only if a member has suffered "immediate or threatened injury as a result of the challenged action"). MAIN now concedes that it does not have standing to sue in federal court.

Rather than remand the case to the Maine state court, however, *see* 28 U.S.C. § 1447(c), the district court dismissed the action, because, for reasons we will explain later, it believed that remand would be futile. *M.A.I.N. v. Commissioner, Maine Department of Human Services,* 697 F.Supp. 557, 562–63 (D.Me.1988). MAIN appeals this dismissal, asking us to order the district court to remand the case. (We assume it is too late for MAIN simply to refile the case in the state court.) While we sympathize with the district court's effort to avoid useless litigation, we conclude that MAIN has a legal right to the relief it requests.

■ Our reasoning is as follows. The statute governing remand of actions removed under 28 U.S.C. § 1441(b) is 28 U.S.C. § 1447(c). As recently amended, *see Bradley v. Richmond School Board,* 416 U.S. 696, 715, 94 S.Ct. 2006, 2018, 40 L.Ed. 2d 476 (1974) (changes in the law are to be applied to cases pending on appeal, absent contrary legislative intent); *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967) (new procedural statutes are retroactive, absent contrary legislative intent), it says:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.

(emphasis added). The district court determined that MAIN did not fulfill the minimal, constitutional requirements for standing, *i.e.,* that its members suffered no "immediate or threatened injury," *see Warth,* 422 U.S. at 511, 95 S.Ct. at 2211. This is a determination that the district court lacked subject matter jurisdiction. *See Bender v.*

*Williamsport Area School District,* 475 U.S. 534, 541–42, 106 S.Ct. 1326, 1331–32, 89 L.Ed.2d 501 (1986) (standing is jurisdictional question); *Heckler v. Mathews,* 465 U.S. 728, 738, 104 S.Ct. 1387, 1394, 79 L.Ed. 2d 646 (1984) (standing inquiry rests on Article III "case or controversy" requirement). Hence, the literal words of the statute, saying that the case "shall" (not "may") be remanded, require the court to remand the case. *See Langford v. Gates,* 610 F.Supp. 120, 122–23 (D.C.Cal.1985) (lack of standing is a jurisdictional defect, and "the proper course is remand" under § 1447(c), "not dismissal").

The district court recognized that "[l]ack of standing is a jurisdictional defect which requires the federal court to *remand,*" *M.A.I.N.,* 697 F.Supp. at 561–62. The court, nonetheless, dismissed the case, explaining that it "deemed" the case to have been removed by the federal Secretary under 28 U.S.C. § 1442(a)(1) (an "officer of the United States" sued "for any act under color of such office" may remove the action), instead of by the Commissioner under § 1441(b). *Id.* at 562. The district court justified this fiction (the Secretary was not even a party at the time the Commissioner removed the action) as merely avoiding pointless extra steps. It would be useless to remand the case, the district court said, because the Secretary had expressed his intention to remove it again under the "federal officer" removal provision, § 1442(a)(1). And, when he did so, the action would have to be dismissed; MAIN could not remain in federal court because it lacked standing, but MAIN could not return to state court either, because the Secretary is entitled to be sued in federal court.

We think, however, that the district court erred in departing from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action. And, we are unwilling to read such discretion into the statute, here, because we cannot say with absolute certainty that remand would prove futile. It is conceivable, though unlikely, that MAIN will succeed in finding a state forum for its claims.

First, MAIN points out that it may have standing to sue in the Maine state courts, even though it does not meet federal standing requirements, because Maine's standing rules are somewhat more liberal. *See, e.g., Common Cause v. State,* 455 A.2d 1, 8–10 (Me.1983) (allowing taxpayer standing without a showing of "special injury," noting that state courts are not bound by federal standing rules); *Matter of International Paper Company,* 363 A.2d 235, 239 (Me.1976) (persons who breathe air in area likely to be affected by proposed industry have standing); *M.A.I.N. v. Petit,* No. CV–83–497 (Maine Superior Court 1983) (finding standing in similar action by MAIN).

Second, if the case were remanded to state court, the Maine Commissioner would not be able to remove it again. He could not do so under 28 U.S.C. § 1441(b), for it is now clear that the federal courts lack "original jurisdiction" over the action, because of MAIN's lack of standing. *See Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 8 (1st Cir.1983) (§ 1441(b) "allows removal only of a case which plaintiff might have brought in federal court directly").

■ The Commissioner argues that he could remove the case under 28 U.S.C. § 1442(a)(1), which reads as follows:

(a) A civil action ... against any of the following persons may be removed by them

　　　•　　　•　　　•　　　•　　　•

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office. . . .

But we do not agree. Although the Commissioner, in administering the AFDC rules and regulations, might be considered a "person acting under" the Secretary, who is an "officer of the United States," the Commissioner is not being sued for "for any act under color of such office." That is to say, MAIN is suing the Commissioner for promulgating *state* regulations, not *federal* regulations, even though the state rules were enacted to conform to federal regulations. The promulgation of *state* regulations under 22 M.R.S.A. § 3741 is

clearly an act taken under color of the Commissioner's *state* office, not under color of federal office. *Cf. Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 486–87 (1st Cir.1989) (state telephone company employees who performed wiretaps under the direction of federal officers, not under color of state law, could remove under § 1442(a)(1)). That being so, § 1442(a)(1) would not give the Commissioner a right to remove the case to federal court.

Third, the federal Secretary, of course, could remove the state action after remand, *provided* that he still is a party in the case. The district court believed that the Secretary had to remain a party after remand, because it thought he was an "indispensable" party to the action. *See* Fed.R.Civ.P. 19(b). If the Secretary must be a party to the action, and if the action is remanded to state court, then he clearly has a right to remove the case again, under 28 U.S.C. § 1442(a)(1). *See IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir.1982) (federal agency sued as third party defendant may invoke § 1442(a)(1)). His right to remove does not depend upon the federal court's having "original jurisdiction" over the action as in § 1441(b), but follows from the facts that he is an "officer of the United States," being sued by the Commissioner for an "act under color of such office," *i.e.*, promulgating the federal regulations corresponding to the challenged state rules. § 1442(a)(1). As we have said, if the Secretary were to remove the case again under § 1442(a)(1), the district court would have to dismiss the action. *M.A.I.N. v. Petit*, 644 F.Supp. 81, 84–85 (D.Me.1986) (when a case is removed under § 1442(a)(1), plaintiff's lack of standing requires dismissal, not remand); *see Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981) ("the right of removal is absolute for conduct performed under color of federal office").

These circumstances do not automatically make remand futile, however, because we are not completely certain that the Secretary will remain a party in the remanded state court action, an action governed by *state*, not federal, rules of procedure. Under Maine Rule of Civil Procedure 14(a), which is similar to Fed.R.Civ.P. 14(a), MAIN "may move for severance, separate trial, or dismissal of the third-party claim." Whether the state court would grant such a motion so as to preserve MAIN's state forum, or whether the state court would refuse severance on the ground that the Secretary is an "indispensable party" to the action under Maine R.Civ.P. 19(b), is a matter of state procedural law. Of course, it seems *unlikely* that the Maine state courts would allow MAIN to proceed in the Secretary's absence. After all, doing so could produce an awkward predicament if MAIN wins; the state court might tell the Commissioner to violate what the Secretary would still regard as valid regulations implementing 42 U.S.C. § 602(a) (requirements for state AFDC plans), thereby risking Maine's federal AFDC funding. *See* 42 U.S.C. § 604(a)(2) (states not complying with § 602(a) will lose federal funding). And, the state court might also reason that barring MAIN from bringing the suit at this time would not be unfair, because MAIN, or an injured individual, could bring suit in federal court later, should an injury sufficient for federal standing occur. *See Warth*, 422 U.S. at 511, 95 S.Ct. at 2211. But the fact that we believe a certain legal result *unlikely*, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words "shall be remanded."

All this is to say that in the context of this case, Maine procedural law is a matter for the Maine state courts to decide. MAIN, in its appeal brief, argues strongly that the Secretary is not an "indispensable" party to the action, and that the third party claim should be severed so as to preserve MAIN's access to state court, its only available forum. We think that, rather than reading an exception into the remand statute, we should give MAIN the opportunity to make its arguments before the state court. *Cf. Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971) (federal courts should show "a proper respect for state functions," and should let

states "perform their separate functions in their separate ways"). We are aware of no federal law preventing the Maine court from deciding the federal questions presented by this case without the Secretary as a party. Similar issues have been litigated in the Secretary's absence, see, e.g., *Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), in state as well as in federal courts, see, e.g., *Tyrna v. Department of Social Services*, 142 Mich.App. 591, 370 N.W.2d 410 (1985); *Civetti v. Commissioner of Public Welfare*, 392 Mass. 474, 467 N.E.2d 101 (1984); *Kratzer v. Commissioner, Department of Public Welfare*, 85 Pa.Cmwlth. 318, 481 A.2d 1380 (1984); *Hale v. State*, 433 A.2d 374 (Me. 1981). And, the Commissioner has means to resolve the conflicts that such a decision might bring about. First, if MAIN wins in state court, the Secretary's own regulations may prevent him from cutting off federal funds for any payments that the state court requires the Commissioner to make. *See* 45 C.F.R. § 205.10(b)(3) (states must be given federal funds for "[p]ayments of assistance within the scope of Federally aided public assistance programs made in accordance with a court order"). And, if the Secretary did cut off funding, the Commissioner would have a right to an administrative appeal. *See* 45 C.F.R. § 205.44(h). Finally, the Commissioner may appeal the state court's decision on questions of federal law to the Supreme Court. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 816 & n. 14, 106 S.Ct. 3229, 3237 & n. 14, 92 L.Ed.2d 650 (1986) (Supreme Court has power to review the decision of a federal issue in a state court case).

In sum, despite our doubts about whether MAIN can convince the state court that it has standing and that it may bring its action in the Secretary's absence, we believe that MAIN should have a chance to try. We therefore conclude that the district court ought to have followed the statute, 28 U.S.C. § 1447(c), as written, and remanded the case, indeed, the entire case, to the state court, permitting that court to

decide whether or not to retain the federal Secretary as a party.

*The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.*

### APPENDIX

§ 1441. Actions removable generally

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1442. Federal officers sued or prosecuted

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

§ 1447. Procedure after removal generally

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy

of the order of remand shall be mailed by the clerk to the clerk of the State court. The State Court may thereupon proceed with such case.