296 F.Supp.2d 13 (2003)
RUSSELL'S GARDEN CENTER, INC.; Edmund C. Rice; George L. Rice; Allison C. Russell; Charlotte B. Russell; Trustee of the 105 Pelham Island Road Trust; Timothy Skehan; Trustee of the 101 Pelham Island Road Trust; Ann S. Webster; and Trustee of the 262-292 Boston Post Road Realty Trust, Plaintiffs
v.
NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a Nextel Communications; the Town of Wayand, Massachusetts; Zoning Board of Appeals of the Town of Wayland; Steven James Fugarazzo, Lawrence K. Glick, Eric B. Goldberg, James E. Grumbach, Susan F. Koffman, Carolyn J. Klein, Mary L. Lentz, and Shaunt H. Sarian, as Members of the Zoning Board of Appeals of the Town of Wayland; Massachusetts Bay Transportation Authority; and Boston Edison Company, Defendants
No. CIV.A.03-10517-REK.
United States District Court, D. Massachusetts.
December 16, 2003.
*14 Edward J. Collins, Cambridge, for Edmund C. Rice, George L. Rice, Allison C. Russell, Charlotte B. Russell, Timothy Skehan, Trustee of 105 Pelham Island Road Trust, Trustee of 101 Pelham Island Road Trust, Ann S. Webster, Trustee of 262-292 Boston Post Road Realty Trust.
Matthew R. Johnson, Steven E. Grill, Devine, Millimet & Branch, Manchester, NH, for Nextel Communications of Mid-Atlantic, Inc.
Mark J. Lanza, Town Counsel, Town of Harvard, Concord, MA, Matthew R. Johnson, Devine, Millimet & Branch, Manchester, NH, for Nextel Communications The Town of Wayand, Massachusetts, Zoning Board of Appeals of the Town of Wayland, Steven James Fugarazzo, as a member of the Zoning Board of Appeals of the Town of Wayland, Lawrence K. Glick, as a member of the Zoning Board of Appeals of the Town of Wayland, Eric B. Goldberg, as a member of the Zoning Board of Appeals of the Town of Wayland, James E. Grumbach, as a member of the Zoning Board of Appeals of the Town of Wayland, Susan F. Koffman, as a member of the Zoning Board of Appeals of the Town of Wayland, Carolyn J. Klein, as a member of the Zoning Board of Appeals of the Town of *15 Wayland, Mary L. Lentz, as a member of the Zoning Board of Appeals of the Town of Wayland, Shaunt H. Sarian, as a member of the Zoning Board of Appeals of the Town of Wayland, Massachusetts Bay Transportation Authority Boston Edison Comp.

Memorandum and Order
KEETON, Senior District Judge.

I. Pending Matters
Pending for decision are matters related to the following filings:
(1) Defendant Nextel's Motion for Entry of Final Judgment (Docket No. 16, filed June 25, 2003), Memorandum in Support (Docket No. 17, filed June 25, 2003), and Supplemental Memorandum in Support (Docket No. 19, filed September 30, 2003);
(2) Plaintiffs' Position Statement (Docket No. 22, filed October 10, 2003);
(3) Plaintiffs' Reply to Defendant Nextel's Supplemental Memorandum in Support of its Motion for Entry of Final Judgment (Docket No. 23, filed October 30, 2003); and
(4) Defendant Nextel's Motion to Strike Plaintiffs' Reply to Nextel's Supplemental Memorandum of Law (Docket No. 24, filed November 13, 2003).

II. Procedural and Factual Background
Defendant Nextel is a provider of personal wireless services in areas including Massachusetts. It now has no antenna facilities in the town of Wayland, Massachusetts. In the mid-1990s, Nextel obtained permission from the Boston Edison Electric Company ("BECO") to attach antennas to an existing electric transmission tower. On January 29, 2002, the Town's Zoning Board of Appeals denied Nextel permission to attach antennas to the BECO tower. On February 15, 2002, Nextel filed a complaint in the United States District Court for the District of Massachusetts, alleging that Wayland's denial constituted a violation of the Telecommunications Act of 1996, 47 U.S.C. § 337(c)(7)(B) ("TCA"). On November 22, 2002, in Nextel Communications v. Town of Wayland, 231 F.Supp.2d 396 (D.Mass. 2002) ("Nextel I"), this court held that Nextel was entitled to summary judgment in its favor. On January 3, 2003, this court ordered a permanent injunction directing the Town to permit Nextel to install the proposed antenna facility. On January 30, 2003, in accordance with the injunction, the Town of Wayland issued a permit to Nextel ("Second Decision").
On February 19, 2003, the plaintiffs in this case filed a complaint in the Trial Court for the Commonwealth of Massachusetts. The complaint alleges a number of violations of state statutes with respect to the issuance of the Second Decision. Nextel removed to this court, alleging federal question jurisdiction on the grounds that the plaintiffs' suit constituted a collateral attack on this court's January 30, 2003 injunction. At oral hearing on May 28, 2003, I allowed Nextel's Motion to Dismiss (Docket No. 6) and denied the plaintiffs' Motion to Remand (Docket No. 9). The other defendants were not present at the hearing, nor had they filed any papers in this court other than a Notice of Appearance on behalf of some, but not all, of the defendants. I did not certify my order of dismissal as final, nor did I order separate and final judgment.
Nextel now moves that I order final judgment of dismissal against all parties. The plaintiffs request that I remand the case to state court.

III. Disposition of the Pending Matters

A. Service of Process
At the case management conference on May 25, 2003, the only defendant who appeared *16 was Nextel. I expressed concern that the other defendants had not been properly served, and, in my Memorandum and Order of August 7, 2003, invited submissions regarding service on the other defendants. Plaintiffs' Position Statement (Docket No. 22) presents persuasive evidence showing that the defendants were properly served in conformity with Mass. Gen. L. ch. 40A § 17. Service of process before removal is governed by state law. See Fed.R.Civ.P. 81(c). I conclude that all of the defendants were properly served.

B. Subject-Matter Jurisdiction
Plaintiffs originally moved to remand (Docket No. 9) on the ground that their complaint was not a collateral attack on this court's injunction, since the parties here were not parties in the original suit and were therefore not bound by the injunction. I denied plaintiffs' motion at the hearing on May 28, 2003.
In position papers filed after my oral ruling, the plaintiffs continue to assert that this court lacks subject-matter jurisdiction, and that the case should be remanded. Because I am obliged to remain vigilant as to questions of this court's subject-matter jurisdiction, and because no party has been prejudiced by intervening procedural events, I conclude that it is appropriate to reconsider my oral rulings of May 28, 2003. The Order below reflects that, after reconsideration, plaintiffs' Motion to Remand (Docket No. 9) is ALLOWED, and defendants' Motion to Dismiss (Docket No. 6) is DISMISSED as moot.
Defendants maintain that subject-matter jurisdiction exists because the complaint represents, in substance, an impermissible collateral attack on this court's injunction in Nextel I. The relief plaintiffs request in their complaint (that is, the request to annul the Second Decision of the Wayland Zoning Board of Appeals issuing a permit to Nextel) would, if granted, negate the effect of the injunction requiring the issuance of the permit. Defendants cite Lucas v. Planning Board of the Town of LaGrange, 7 F.Supp.2d 310, 318-19 (S.D.N.Y. 1998), for the proposition that the All Writs Act, 28 U.S.C. § 1651, permits the exercise of removal jurisdiction to effectuate and protect this court's previous orders.
The Supreme Court, however, expressly disapproved this theory. In Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), Hurley Henson sued Syngenta Crop Protection in state court, asserting tort claims related to Syngenta's manufacture of an insecticide. A similar action was underway in federal court, so the state court stayed action until the completion of the federal case. In federal court, Henson intervened and participated in the settlement, which included a requirement that the state cause of action be dismissed. In state court, Henson misrepresented the terms of the settlement to the state judge, and the state judge relied on Henson's misrepresentation in ordering that the action continue. Syngenta removed to federal court, citing the All Writs Act as authority for the federal court to enforce the previous settlement agreement. Id. at 30, 123 S.Ct. 366.
The District Court dismissed, holding that the action was barred by the previous settlement. The Eleventh Circuit reversed, stating that the district court lacked removal jurisdiction. Id. at 31, 123 S.Ct. 366. The Supreme Court, in affirming the Eleventh Circuit decision, held, "Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act ... is not a substitute for that requirement." Id. at 34, 123 S.Ct. 366. Removal, therefore, is improper where the only basis for subjectmatter *17 jurisdiction is the preclusive effect of a previous court injunction.
In these circumstances, an independent basis for subject-matter jurisdiction must be found by looking to the complaint. The Supreme Court has explained:
As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court. [Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-2430, 96 L.Ed.2d 318 (1987)]; [Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 8, 103 S.Ct. 2841, 2845-2846, 77 L.Ed.2d 420 (1983)]. The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." [Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)]....
As we have explained, ... "[e]ven though state law creates [a party's] causes of action, its case might still `arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 13, 103 S.Ct. at 2848; see also id., at 27-28, 103 S.Ct. at 2856 (case arises under federal law when "federal law creates the cause of action or ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (federal question exists when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action").
City of Chicago v. International College of Surgeons, 522 U.S. 156, 163-64, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (U.S.1997) (brackets in original). The question here is whether federal law constitutes an essential element of plaintiff's complaint.
The Complaint lacks any reference to federal statutes. It alleges the following violations:
75. Neither between January 3, 2003 and January 30, 2003, nor at any other time, did the ZBA [Zoning Board of Appeals] give the requisite statutory notice of a hearing to parties in interest or abutters as required by G.L. c. 40A, § 10, where the ZBA would issue a variance having previously denied a variance on the same application.
76. Neither between January 3, 2003 and January 30, 2003, not at any other time, did the ZBA ever hold the requisite statutory hearing as required by G.L. c. 40A, § 10, where the ZBA would issue a variance having previously denied a variance on the same application.
77. Neither between January 3, 2003 and January 30, 2003, nor at any other time, did the ZBA ever make the requisite statutory findings as required by G.L. c. 40A, § 16, where an applicant seeks approval of the same application within two years of the denial of a variance on that same application.
78. Neither between January 3, 2003 and January 30, 2003, nor at any other time, did the ZBA ever notice the hearing required by G.L. c. 40A, § 16, where an applicant seeks approval of the same *18 application within two years of the denial of a variance on the same application.
79. Neither between January 3, 3003 and January 30, 2003, nor at any other time, did the ZBA ever conduct the hearing required by G.L. C. 40A, § 16, where an applicant seeks approval of the same application within two years of the denial of a variance on the same application....
87. Defendant Massachusetts Bay Transportation Authority ("MBTA"), a public authority, does not have the power or authority to allow the placement of wireless communications facilities in its right of way, here in the locus. Accordingly, neither Nextel nor the ZBA may properly rely, as they do here, on such purported power or authority.
88. Defendant Boston Edison Company, a regulated utility, does not have the power or authority to allow the placement of wireless communications facilities upon its high voltage transmission towers, here on Tower # 111, under an easement from the MBTA for high voltage transmission use on towers in the MBTA's right of way, here in the locus. Accordingly, neither Nextel nor the ZBA may properly rely, as they do here, on such purported power or authority.
Complaint (contained in Docket No. 1, ex. B), at ¶¶ 75-79, 87-88. These are all state law claims. In passing, the Complaint also sets forth purported defects in the Nextel I decision, but does not specify any provision of federal law under which the plaintiffs seek relief. Since the face of the complaint lacks any reference to federal law, I must determine whether the complaint nonetheless "arises under" federal law for the purpose of subject-matter jurisdiction.
Nextel argues that the "First Circuit has ... determined that where a plaintiff seeks to collaterally attack a local board's decision made pursuant to a court order, such claim is preempted by the TCA." Notice of Removal (Docket No. 1) at 6 (citing Patterson v. Omnipoint Communications, 2001 WL 1590705, *18 (1st Cir. 2001)). But Patterson does not discuss preemption. Patterson stands for the proposition that, had plaintiffs brought this suit initially in federal court, it would have been dismissed. The case does not assist Nextel here.
Nextel also cites Brehmer v. Planning Board of Wellfleet, 238 F.3d 117, 121 (1st Cir.2001) for the proposition that a federal court may, under the TCA, order a local zoning board to issue a permit without being bound by state zoning procedure. Brehmer provides a powerful basis for concluding that the plaintiff's suit is meritless. But it does not provide an independent source for federal authority.
Defendants have what amounts to an irrebuttable federal defense to plaintiffs' claimsthat the ZBA was ordered, by this court, to issue the permit, and that under Brehmer and the TCA, this court was free to order compliance without being restricted by state zoning laws. In effect, defendants argue that this court's order in Nextel I, as authorized by the TCA, preempts state zoning laws. But preemption is ordinarily a defense, and a federal defense does not provide federal subject-matter jurisdiction. Caterpillar, 482 U.S. at 392-93, 107 S.Ct. at 2430.
Although preemption is ordinarily a defense, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Nextel argues that the TCA has completely preempted the state law claims at issue here. But this argument is belied by the text of the TCA:

*19 Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.
47 U.S.C. § 332(c)(7)(A). The TCA limits this general rule by providing that states and localities "shall not unreasonably discriminate among providers of functionally equivalent services," § 332(c)(7)(B)(i)(I) and "shall not prohibit or have the effect of prohibiting the provision of personal wireless services." § 332(c)(7)(B)(i)(II). The complaint in this action does not allege a violation of either of these provisions. Nextel's argument that a complaint alleging state law procedural defects in the allowance of a permit is "necessarily federal in character" is directly contradicted by the statute's explicit reservation of authority to the state. I rule that the plaintiff's state law allegations regarding the procedure by which the ZBA issued the permit arising out the Second Decision are not completely preempted by the TCA.
In these circumstances, I conclude that no federal subject-matter jurisdiction exists.
Nextel, arguing that remand would be futile because the plaintiffs have no possibility of success in state court, avers that dismissal would be a more appropriate disposition. 28 U.S.C. § 1447(c) provides, in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." On its face, this provision confers no discretion and admits of no exception. Despite its explicit language, in 1989, the First Circuit, in dicta, indicated that an exception to § 1447(c) may exist, allowing dismissal instead of remand where remand would be futile. See Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dept. of Human Servs., 876 F.2d 1051, 1054 (1st Cir. 1989) (hereinafter "M.A.I.N."). The court held that the exception, even if it existed, would not apply on the facts of M.A.I.N. Id. In an unpublished opinion, the First Circuit later applied the exception without extensive comment. See Haggert v. Hamlin, 1994 WL 251067 (1st Cir.1994). The Ninth and Fifth Circuits unambiguously adopted the exception. See Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991); Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 787 (5th Cir.1990).
The Supreme Court, as well as other circuits, have expressed considerable doubt. While entertaining the possibility of the existence of a futility exception, the Supreme Court noted "`the literal words of § 1447(c), which, on their face, give ... no discretion to dismiss rather than remand an action.'" Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991) (ellipses in original) (quoting M.A.I.N., 876 F.2d at 1054). On this basis, most circuits have held the exception unavailable or unlikely to be available. See Barbara v. New York Stock Exchange, 99 F.3d 49, 56 n. 4 (2d Cir. 1996); Bromwell v. Mich. Mutual Ins. Co., 115 F.3d 208, 213-14 (3rd Cir.1997); Roach v. West Virginia Reg'l Jail & Correctional Facility Auth., 74 F.3d 46, 49 (4th Cir.1996); Coyne v. American Tobacco Co., 183 F.3d 488, 496-97 (6th Cir.1999); Schacht v. Wisconsin Dept. of Corrections, 116 F.3d 1151, 1153 (7th Cir.1997); Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557-58 (10th Cir.2000); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410-11 (11th Cir.1999). And later decisions by the Ninth Circuit called its Bell decision into question. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir.2003) ("if there is no jurisdiction ... the district court must remand the removed case rather than dismissing it"); *20 Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257-58 (observing mandatory nature of § 1447(c)). The Fifth Circuit, therefore, is the only remaining circuit to endorse unambiguously the futility exception in a published opinionand it rendered its decision before the Supreme Court decided Int'l Primate.
On the basis of this overwhelming weight of authority, and in view of the expressly mandatory language contained in § 1447(c), I conclude that no futility exception exists. In these circumstances, the Order below remands this case to state court.
I note, however, that this case is, in fact, futile. The Second Decision arose out of this court's order in Nextel I. Under Brehmer, this court was free to order the ZBA to issue a zoning permit without regard to state zoning laws. The filing of this lawsuit in state court appears to be a naked attempt to circumvent a previous federal court injunction, and, as such, completely lacks merit. Since this court has no jurisdiction, the state court, equally bound by federal law, will be in the best position to enforce the injunction issued in Nextel I. Moreover, if appropriate, Nextel may bring a separate federal action, properly alleging federal jurisdiction, requesting an injunction forbidding the plaintiffs from pursuing their state cause of action. Here, however, removal was improper, and this court lacks jurisdiction to proceed.

C. Motion to Strike
In Docket No. 24, Nextel moves to strike Plaintiffs' Reply to Nextel's Supplemental Memorandum of Law (Docket No. 23). The tone of Docket No. 23 is, at times, inappropriate. I conclude, nonetheless, that the proper remedy is for me to consider those parts of Docket No. 23 that are relevant and helpful, and not to consider those aspects of the filing that are irrelevant or specious. In these circumstances, the Order below DENIES Nextel's Motion to Strike.

ORDER
For the foregoing reasons, it is ORDERED:
(1) This court has reconsidered its oral rulings of May 28, 2003.
(2) Upon reconsideration, plaintiffs' Motion to Remand (Docket No. 9) is ALLOWED.
(3) Upon reconsideration, defendants' Motion to Dismiss (Docket No. 6) is DISMISSED as moot.
(4) This action is REMANDED to the Land Court Department of the Trial Court of the Commonwealth of Massachusetts.
(5) Defendant Nextel's Motion for Entry of Final Judgment (Docket No. 16) is DISMISSED as moot.
(6) Defendant Nextel's Motion to Strike Plaintiffs' Reply to Nextel's Supplemental Memorandum of Law (Docket No. 24) is DENIED.