# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1126

———————

Richard J. Medalie,                                    *
                                                       *
        Plaintiff – Appellant,                 *
                                                       *   Appeal from the United States
    v.                                            *   District Court for the District of
                                                       *   Minnesota.
Bayer Corporation; Bayer AG;                           *
GlaxoSmithKline PLC; SmithKline                        *
Beecham Corporation,                                   *
                                                       *
        Defendants – Appellees.                *

———————

Submitted: October 18, 2007
Filed: December 28, 2007

———————

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

———————

MELLOY, Circuit Judge.

The plaintiff, Richard J. Medalie, brought suit under the Medicare Secondary Payer statute (the "MSP") against the drug companies that developed, manufactured, and marketed the drug Baycol. See 42 U.S.C. § 1395y(b)(3)(A) (establishing a private cause of action). Medalie sought to recover all of Medicare's expenditures made to diagnose and treat the personal injuries and adverse effects to Medicare beneficiaries resulting from use of Baycol. Medalie alleged in his complaint that he took Baycol, suffered injuries, and incurred medical costs that Medicare covered. Medalie did not seek damages on his own behalf, but only for the United States.

The Judicial Panel on Multidistrict Litigation transferred Medalie's case to the district court[1] for coordinated pretrial proceedings along with thousands of other cases involving injuries caused by Baycol. In a pretrial order applicable to all the cases, the district court required that each plaintiff submit a case-specific report from a medical expert attesting that Baycol caused injury or damage. If a plaintiff did not comply with the order by the stated deadline, the district court dismissed that plaintiff's case with prejudice. Twice Medalie requested clarification that the order did not apply to his claim under the MSP statute. In the alternative, Medalie sought to amend his complaint to delete any reference to his personal injuries. Medalie received no response from the district court and filed no expert's report. The district court dismissed his case. This appeal followed.

Standing is a "threshold inquiry" and "jurisdictional prerequisite that must be resolved before reaching the merits of a suit." City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007) (internal quotation omitted). The constitutional minimum of standing requires an "injury in fact," "a causal connection between the injury and the conduct complained of," and a likelihood "the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations omitted). "Since [the standing elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Id. at 561.

Medalie failed to comply with the discovery order to submit an expert's report attesting personal injuries from use of Baycol. He also requested leave to amend his complaint to remove any allegations of personal injuries. If we were addressing the

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

threshold issue of standing based only on the complaint, we might conclude that Medalie has standing. As quoted above, however, standing must be proved "with the manner and degree of evidence required at the successive stages of the litigation." Id. Here, the litigation has progressed, and the district court ordered the submission of experts' reports attesting to the presence of injury caused by Baycol. Because Medalie failed to submit such a report, he failed to meet the evidentiary burden necessary to show standing during the discovery stage of the litigation.

Medalie argues that no showing of injury is required because the MSP is a *qui tam* statute. We rejected this argument in Stalley v. Catholic Health Initiatives, Nos. 06-3884, 06-4121, 2007 WL 4165751 (8th Cir. Nov. 27, 2007), when we held that "the private right of action provided by 42 U.S.C. § 1395y(b)(3)(A) is not a *qui tam* statute, and [a plaintiff], who is a volunteer and who lacks any injury in fact, does not have standing to pursue such an action." Id. at *8. The MSP "allows a private plaintiff to assert his own rights, not those of the government." Id. at *4.

We affirm the district court's dismissal of the complaint.

_____