# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3677

_____

City of Kansas City, Missouri,     \*
                                               \*

          Plaintiff-Appellant,     \*

                                               \*   Appeal from the United States

v.                                         \*   District Court for the Western
                                         \*   District of Missouri.

Yarco Company, Inc., and Churchill     \*
Properties, L.P.,                            \*

                                         \*

          Defendants-Appellees.     \*

_____

Submitted: September 22, 2010
Filed:  November 8, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The City of Kansas City, Missouri, sued Yarco Company, Inc., and Churchill Properties, L.P. (together "Yarco"), under federal, state, and local law, claiming that Yarco maintained a discriminatory curfew at an apartment complex. The district court granted judgment on the pleadings to Yarco. This court vacates and remands.

Yarco runs an apartment complex in Kansas City. Its lease agreement said, "CURFEW time for everyone under the age of 18 will be 8:30 p.m. nightly." The City filed a complaint with the Department of Housing and Urban Development ("HUD") alleging that the curfew discriminated against "families with children under

the age of eighteen," in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-31. Under its agreement with the City, HUD forwarded the complaint to the City for investigation.

After Yarco opted for judicial proceedings, the City sued in state court, alleging violation of the FHA.[1] The City also joined claims under the Missouri Human Rights Act, RSMo ch. 213, and the City's anti-discrimination law, Kansas City, Mo. Code of Ordinances ch. 38. Yarco removed the case to the District Court for the Western District of Missouri on federal question grounds. Finding that the City could not make a plausible showing of discriminatory intent, the district court granted Yarco's Motion for Judgment on the Pleadings. The City appeals.

Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion. *United States v. Hays*, 515 U.S. 737, 742 (1995). "Standing is a 'threshold inquiry' and 'jurisdictional prerequisite that must be resolved before reaching the merits of a suit.'" *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007), *quoting City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007).

Here, no subject matter jurisdiction exists because the City lacks Article III standing on its FHA claim. "The constitutional minimum of standing requires an 'injury in fact,' 'a causal connection between the injury and the conduct complained of,' and a likelihood 'the injury will be redressed by a favorable decision.'" *Medalie*, 510 F.3d at 829, *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). It is possible for municipalities to show injury in fact in cases like this one. In *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91 (1979), two brokerages allegedly engaged in racial "steering" of prospective homeowners, and the village

---

[1] The state court petition does not say whether the City sues under 42 U.S.C. § 3612 or 42 U.S.C. § 3613. The City seems to characterize this as a public enforcement action, apparently invoking section 3612.

sued under the Fair Housing Act. *Gladstone*, 441 U.S. at 94-95. The two complaints "allege[d] that this conduct is affecting the village's racial composition, replacing what is presently an integrated neighborhood with a segregated one." *Id.* at 110. In light of these allegations and the limited discovery available, the Court found standing. *Id.* at 115.

Here, Kansas City alleges no injury to itself. Rather, its initial and proposed pleadings state that "families with children and children under the age of 18 years of age are aggrieved." Though the burden of showing injury at the pleading stage is low, the pleader must say something. *Young America Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005). *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (requiring enough factual matter to create a plausible inference of entitlement to relief). The City is silent about harm to its particular interests.

The City instead claims something akin to a sovereign interest in enforcing the FHA. The United States suffers injury in fact when its laws are violated. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Assignees of the federal government may base standing on the government's injury. *Id.* at 773-74.[2] While the FHA allows referral of administrative complaints to state and local agencies, *see* 42 U.S.C. § 3610(f), it does not assign a claim. Where a respondent like Yarco elects a judicial determination, the FHA authorizes suit only by the Attorney General. **42 U.S.C. § 3612(o)**.[3]

---

[2] *Vermont Agency* involved alleged injury to the federal government's sovereign and proprietary interests. *Vermont Agency*, 529 U.S. at 771. "The Court made no distinction between the two" for standing and assignability purposes. *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1326 (Fed. Cir. 2010). In this case, if sovereign injury were not assignable, then the City would lack standing for that reason.

[3] By contrast, the *qui tam* statute at issue in *Vermont Agency* provides that "[a] person may bring a civil action . . . for the person and for the United States Government." **31 U.S.C. § 3730(b)(1)**.

Given the absence of standing on the FHA claim, the state and local claims cannot proceed in federal court. Supplemental jurisdiction requires at least one claim within the district court's original jurisdiction. ***United Mine Workers of America v. Gibbs***, 383 U.S. 715, 725 (1966) (pendent jurisdiction); ***MCI Telecommc'ns Corp. v. Teleconcepts, Inc.***, 71 F.3d 1086, 1102 (3d Cir. 1995) (applying rule in context of contemporary supplemental jurisdiction statute). This case was removed solely on federal question grounds, and there appears to be no other basis for federal jurisdiction over the state and local claims.

This entire case must return to state court, including the FHA claim. **28 U.S.C. § 1447(c)** ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). *See generally **Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund***, 500 U.S. 72, 88-89 (1991), *discussing with approval **Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.***, 876 F.2d 1051 (1st Cir. 1989). The Missouri courts may have to rule on federal questions that federal courts presently lack power to address, but "the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law." ***ASARCO Inc. v. Kadish***, 490 U.S. 605, 617 (1989) (citations omitted).

＊ ＊ ＊ ＊ ＊ ＊ ＊

The judgment is vacated, and the case remanded to the district court for further remand to state court.

_____